Parker, C. J.,
delivered the opinion of the Court. It being apparent that the legislature has created two distinct and independent corporations by one and the same name, viz., “ The President, Directors, and Company, of the Hallowell and Augusta Bank,” it is clear that one is no more answerable for the debts of the other, than an individual would be for the debts of another who happened to have the same name and personal description.
It follows that an execution or precept intended for one, if served upon the other, is illegally served ; and the officer making the service, and the creditor directing it, are trespassers, (a)
The ignorance of the officer does not excuse him ; for in such a case he is not bound to serve the precept upon either, without the express direction of the creditor, and an indemnifying engagement from him.
*160 The difficulty in such cases is, to ascertain whether the judgment was or was not, in fact, rendered against the person who is taken in execution; for if it was, although the person was mistaken, yet the officer would be justified.
In the case before us, it does not appear of record * which of two corporations the judgment was rendered against, by any other circumstance than that the demand, which was the ground of the action, existed before the incorporation of the present plaintiffs. But by paroi evidence it clearly appears that the now plaintiffs were not defendants in the suit on which the judgment was rendered, and therefore that execution was not to be issued against them.
By the return of the officer on the writ, it appears that he summoned the cashier of the bank; and by extrinsic evidence it appears that Dimmer, who was then the cashier of the old bank, was the person summoned. This evidence was admissible, because the fact could not be ascertained from the record; and as the officer had the same means of ascertaining the party intended by his precept, when he levied the execution, as when he served the original writ, he must be considered as illegally levying the execution upon the property of the present plaintiffs.
The circumstance that Dummer was a member of the new cor- * poration, as well as cashier of the old one, is of no importance ; as the officer summoned him in his character of cashier, which was applicable only to his relation to the old bank.

Judgment on the verdict.

 [ Commonwealth va. Kennard & Al. 8 Pick. 133. — Ed ]