ERASTUS C. UNDERWOOD *vs.* CHARLES H. ROBINSON.

An officer is protected in making an arrest on a writ upon which the affidavit to arrest was sworn to before the same person, as magistrate, who filled out the writ as attorney for the plaintiff therein, if that fact does not appear on the face of the process, although from his acquaintance with the magistrate's handwriting and relation to the plaintiff the officer knows or might know it.

TORT for assault and battery and false imprisonment. At the trial in the superior court, before *Scudder*, J., it was admitted that the defendant, who was a deputy of the sheriff of Middlesex, arrested and imprisoned the plaintiff on a writ in favor of Erastus C. Brown, issuing out of the superior court, in an action of contract, with an affidavit and certificate annexed thereto, in accordance with the Gen. Sts. *c.* 124, § 1, purporting to authorize the arrest of the plaintiff; and that the writ, affidavit and certificate were regular in form; but that the magistrate before whom Brown made the affidavit, and who signed the certificate, was James T. Joslin, of the firm of Joslin & Johnson, attorneys at law; that Joslin made the writ as attorney for Brown; and that upon the back of the writ, in addition to the certificate and affidavit and the names of the parties, were these words: " Mr. Officer, arrest defendant." " From the office of Joslin & Johnson."

The defendant was called as a witness by the plaintiff, and testified " that he lived near the office of Joslin & Johnson, and had frequently served writs from that office; that on examination he should now think the words on the back of the writ, ' Arrest defendant,' and ' Joslin & Johnson,' as also the written words in the body of the writ, were in Joslin's handwriting; that they looked like it, but he would not swear to it; that he never knew any other James T. Joslin; that the writ was handed to him by Brown, who paid him his fees, but did not tell him who was his

attorney or who made the writ; that Brown was in haste to have the arrest made; that he did not stop to notice particularly in whose handwriting the writ was, or the words ' Arrest defendant' and ' Joslin & Johnson ' were ; and that at the time of the arrest, and during all the time he held the plaintiff in custody on the writ, he did not know and had no idea from whose office the writ came, nor did he know who made the writ, nor in whose hand·· writing it was, nor should he have known if he had looked at the handwriting, and did not know now." No other evidence was offered.

The plaintiff requested the judge to rule that " if the defendant knew that the writ was made by the person before whom the affidavit was made, or by reasonable inspection of the writ could have known that fact, then he was liable in this action." The judge declined so to rule ; the jury returned a verdict for the defendant ; and the plaintiff alleged exceptions.

*J. W. Hammond*, for the plaintiff.

*J. G. Abbott*, for the defendant.

GRAY, J. It is unnecessary to consider whether the evidence introduced at the trial would have warranted the jury in inferring that the defendant knew that the person, who as a magistrate took the affidavit indorsed upon the writ in the former action, also made out that writ as attorney for the plaintiff therein. That fact did not appear on the face of the process, or affect the jurisdiction of the court from which it issued over the parties or the cause of action ; but depended on the officer's private knowledge of the magistrate's handwriting and relation to one of the parties to that action, which the officer was not bound to think about, and which could not deprive him of the conclusive protection which the law attributes to a process regular on its face, and issued by a court of competent jurisdiction. *Chase* v. *Ingalls*, 97 Mass. 524. *Webber* v. *Gay*, 24 Wend. 485. *People* v. *Warren*, 5 Hill, 440. *State* v. *Weed*, 1 Foster, 262.

*Exceptions overruled.*