JOHN O'SHAUGHNESSY vs. FRANCIS J. BAXTER.

Suffolk.  Nov. 15, 1876.— Jan. 22, 1877.  AMES & LORD, JJ., absent.

The holder of a promissory note signed by A. brought an action on the note, and directed the writ to be served on B., which was done, although the holder of the note knew that B. was not the signer. B.'s name was similar to that of A., and B. was commonly known by A.'s name. B. was defaulted, and execution issued, on which the holder of the note directed an officer to arrest B., and the officer, acting in good faith, did so.  *Held*, that the officer was not liable to B. in an action for an assault and false imprisonment, although he knew, before making the arrest, that B. was not the person who signed the note.

GRAY, C. J.  This is an action of tort against a constable of Boston for an assault and false imprisonment.  The material facts of the case, as they appear from the statements in the report and the findings of the jury, are as follows : This plaintiff, whose real name is John O'Shaughnessy, was sued by the name of John Shaughnessy, a name by which he was commonly known, upon a promissory note signed by another person of that name, and not by himself.  The person who made the writ knew that the plaintiff was not the person who signed the note, but intended to have the writ served upon him, and it was served upon him by another constable, and entered in the court having jurisdiction thereof, which rendered judgment, upon his default, for the plaintiff in that action, and issued execution accordingly, in due form of law.  The execution, with the proper certificates, was delivered to this defendant, with instructions to take this plaintiff and commit him to jail.  The defendant did so, in obedience to such instructions, and in good faith, after ascertaining that the original writ had been served upon the plaintiff, but knowing that he was not the person who signed the note upon which the action was brought.

On this state of facts, the plaintiff, being the party against whom the writ was intended to be made, and on whom it was actually served, was the party defendant therein, and the person against whom the judgment was rendered and the execution issued.  Whatever remedies he might have to relieve him from the judgment and execution as obtained by fraud, or to recover damages against the person who fraudulently abused the process of the court, the officer, acting in good faith, had the right to

rely for his protection upon the process put into his hands, and was not bound to go behind that process, and to assume the risk of determining the question whether the plaintiff really signed the note upon which the action was brought, or the truth of any extrinsic fact which would exempt him from being arrested or imprisoned upon the execution. *Laroche* v. *Wasbrough*, 2 T. R. 737, 739. *Magnay* v. *Burt*, 5 Q. B. 381 ; *S. C.* Dav. & Meriv. 652. *Wilmarth* v. *Burt*, 7 Met. 257. *Twitchell* v. *Shaw*, 10 Cush. 46. *Underwood* v. *Robinson*, 106 Mass. 296, and other cases there cited. In the words of Chief Justice Parker, " The difficulty in such cases is, to ascertain whether the judgment was or was not, in fact, rendered against the person who is taken in execution ; for if it was, although the person was mistaken, yet the officer would be justified." *Hallowell & Augusta Bank* v. *Howard*, 14 Mass. 181, 183.

The fact that this plaintiff was commonly known by the name by which he was sued and arrested, distinguishes the case from those in which one man has been arrested upon a writ against another of a different name. See *Cole* v. *Hindson*, 6 T. R. 234 ; *Finch* v. *Cocken*, 5 Tyrwh. 774, 785 ; *S. C.* 3 Dowl. 678, 686 ; *Griswold* v. *Sedgwick*, 1 Wend. 126, 132 ; *Langmaid* v. *Puffer*, 7 Gray, 378. *Judgment on the verdict for the defendant.*

*L. M. Child*, for the plaintiff.

*J. Bennett*, for the defendant.