## WILLIAM GORMAN'S CASE.

Suffolk. Nov. 22, 1877. — March 1, 1878. COLT & LORD, JJ., absent.

In an action upon a replevin bond signed by A., notice to appear and defend was served on B., whose name was similar to that of A., and B. was defaulted. In an action on the judgment against him, B. appeared and offered evidence, which was rejected, that he did not execute the bond, and judgment was rendered against him. Execution issued on the second judgment, and B. was arrested. *Held,* upon a writ of habeas corpus sued out by B., that the evidence was properly rejected, and that the question whether the judgments were valid could not be determined.

HABEAS CORPUS of a person alleged to be unlawfully restrained of his liberty by a constable of Boston. At the hearing, before *Colt,* J., the following facts appeared :

On or about April 9, 1875, F. H. McCaffrey brought an action of replevin against Michael McCarthy, and a bond, signed by McCaffrey as principal, and Merrick S. Creagh, Henry Pazolt and W. P. Gorman as sureties, was given. The replevin suit not having been entered, McCarthy brought an action on the bond against Creagh and W. P. Gorman, the declaration alleging the execution and delivery of the bond by the defendants, and the breach of its condition, and the action was entered at January term 1876 of the Superior Court. At the same term, and on March 30, 1876, judgment was entered against both defendants, and on May 12, 1876, execution issued on the judgment against

Creagh and W. P. Gorman. On June 23, 1876, this execution was returned into court, and was indorsed with the words "returned and cancelled," only; and on the same day the attorneys of McCarthy filed a written statement and motion, representing that, by a mistake of the officer, personal service had been made upon one W. P. Gorman, who was not the true defendant, and that personal service had not been made upon the true defendant W. P. Gorman, adding the words "otherwise known as William Gorman;" and praying that the judgment be vacated, and for an order of notice on W. P. Gorman. Thereupon the judgment was stricken off, and an order of notice issued to W. P. Gorman to appear and answer to the action at October term 1876, which notice, by the direction of the attorneys of McCarthy, was served upon the petitioner, who informed the officer that he was not the defendant W. P. Gorman. The officer made a return that, by direction of the plaintiff's attorney, he had served the notice on the petitioner. The original summons in the action was not served on the petitioner. On December 4, 1876, judgment was entered by default in the action against both defendants, the petitioner not appearing; and on December 6, 1876, execution issued on the judgment against both defendants, W. P. Gorman being described as "otherwise known as William Gorman," which execution was afterwards returned in no part satisfied.

On March 9, 1877, McCarthy commenced an action against "Wm. P. Gorman, otherwise known as William Gorman," returnable to the Municipal Court of the city of Boston, on March 24, 1877, which action was duly entered, and the above judgment of the Superior Court declared on. The summons in this action was served upon the petitioner, who appeared, admitted that the order of notice in the action in the Superior Court was served on him, and offered to prove that he did not sign the bond, that his name was not W. P. Gorman, that he was not the defendant, and that he was not in any manner indebted to McCarthy. McCarthy objected to such proof, and the presiding judge declined to admit it, and ruled that, as the action was brought on a domestic judgment which could not be impeached, the court could not go into the question of identity, and ordered judgment to be entered for McCarthy, after the writ and declaration had been amended by striking out the "m"

after the first initial of the defendant's name. Upon this judg-
ment execution issued, on June 25, 1877, against "W. P. Gor-
man, otherwise known as William Gorman," an affidavit of ar-
rest in the usual form being attached thereto; and was handed
to a constable of the city of Boston, by the attorney of Mc-
Carthy, with instructions to arrest the petitioner as the judg-
ment debtor named in the execution; and on July 20, 1877, the
petitioner was arrested by the constable on the execution. The
petitioner proved that he was not the defendant W. P. Gor-
man; that he never signed the bond in question, and owed the
plaintiff in the above actions nothing; and that he notified Mc-
Carthy's attorneys and the constable, before his arrest, that he
was not the defendant, and informed them where the defendant
was. The judge found, as a fact, that the petitioner was not the
person who signed the replevin bond, admitted him to bail, and
reserved the case for the consideration of the full court.

*P. A. Collins*, for the petitioner.

*J. E. Avery*, *contra*.

SOULE, J. The petitioner was served with notice to appear
and defend the action in the Superior Court, founded on the re-
plevin bond. The allegation in the declaration was that the de-
fendants executed and delivered the bond, and that there had
been breach of the condition. If the petitioner had seen fit to
do so, he could have appeared in that suit, denied the allegations
in the declaration, and tried the issue whether he executed the
bond or not, as well as the question of breach of the condition.
He elected not to do so, and made default. This was an admis-
sion of the truth of the matters set up in the declaration, of so
deliberate and solemn a character that he cannot be heard in de-
nial of it, so long as the judgment rendered in that suit remains
unreversed. This is so familiar law that it is unnecessary to cite
cases in support of the position. It followed, that, when suit
was brought on that judgment, he was not permitted to impeach
it by showing that he did not in fact execute the bond. His
arrest on the execution, issued on the second judgment, was
merely a proceeding in the exercise of the rights of the creditor,
to enforce collection of the judgment debt, and it is not compe-
tent for the petitioner to impeach collaterally a judgment, by
evidence which it was incompetent for him to introduce at the

trial of the suit in which the judgment was rendered. There was no mistake on his part, no fraud upon him, no false testimony used to obtain the original judgment; and, even if it were otherwise, the original judgment was valid against him until reversed; and no defence would be open to him founded on facts which existed before it was rendered, nor would such facts avail him in equity more than at law. *Sheldon* v. *Kendall*, 7 Cush. 217. *Boston & Worcester Railroad* v. *Sparhawk*, 1 Allen, 448. See also *O'Shaughnessy* v. *Baxter*, 121 Mass. 515.

It is only when the prisoner has been placed in custody, as the result of proceedings before a tribunal which had no jurisdiction, so that its judgment is void, that he is entitled to his discharge on habeas corpus. Where, as here, the court rendering the judgment had jurisdiction, the regularity of its proceedings will not be inquired into collaterally, and its judgment stands good until reversed or annulled by a proper course of proceedings for the purpose. *Herrick* v. *Smith*, 1 Gray, 49. *Adams* v. *Vose*, 1 Gray, 51. For these reasons it is ordered that the

*Prisoner be remanded.*