Decided at PENDLETON, July 18, 1896.

## BARR *v.* COMBS.

[45 Pac. 776.]

1. PROTECTION OF SHERIFF—LEVYING EXECUTION.—Where a sheriff has levied on goods of a judgment debtor, under an execution regular on its face, and issued out of a court of competent jurisdiction, he is protected by the writ; and evidence to charge him with knowledge that the judgment on which the execution was based had in fact been paid is inadmissible in an action for illegal seizure.

2. SHERIFF'S RETURN ON EXECUTION.—It is a sheriff's duty in his return to certify only to the acts performed by him in his official capacity in the levy of an execution; and his certificate as to some agreement between the parties, of which he may have had knowledge, is not admissible against either of them.

From Harney: MORTON D. CLIFFORD, Judge.

This is an action of trespass by Emmett Barr against George Combs for the seizure, detention, and sale of certain personal property belonging to the plaintiff by the defendant Combs, sheriff of Grant County, at the instigation and request of his codefendant Rader. The answer admits the seizure, sale, and detention, but avers that in November, eighteen hundred and ninety-two, Rader duly recovered a judgment against the plaintiff for the sum of one hundred and fourteen dollars and twenty-four cents, and that the property in question was seized and sold by Combs as sheriff to satisfy an execution issued May sixth, eighteen hundred and ninety-three, on such judgment. The reply admits the rendition of the judgment and the issuance of the execution under which the property was seized, but alleges that in the previous January an execution was issued on the judgment, by virtue of

which a debt of seventy-five dollars owing from Harrer Brothers to the plaintiff was levied upon, and that Rader then and there agreed to and did accept the same as a payment on the execution, and that the remainder due thereon had been fully paid by the plaintiff prior to the execution of May sixth, eighteen hundred and ninety-three, by reason whereof the latter execution ———— il and void. There was a judgment , from which defendants appeal. ᴇʀsᴇᴅ.

" For appellant there was a brief ᴀɴᴅ an oral argument by *Mr. L. Kearney.*

No appearance for respondent.

Opinion by Mr. Chief Justice Bean.

1. It will be seen that the only issue of fact made by the pleadings is whether the defendant Rader agreed to and did accept as payment on his judgment the amount due plaintiff from Harrer Brothers. To maintain this issue on his part, the plaintiff gave in evidence, over defendant's objection and exception, a portion of the return of the sheriff made on the execution of May sixth, eighteen hundred and ninety-three, in which, among other things, he certified that on January fourth, eighteen hundred and ninety-three, by virtue of an execution of that date, he served a garnishee process upon Harrer Brothers, to which they answered that they were indebted to Barr in the sum of seventy-five dollars, which was not yet due, " but which at the time

the plaintiff and judgment creditor, George Rader, agreed to accept as a payment on said judgment. The said plaintiff, after said garnishment was made, having refused to accept the same, I deferred further proceedings awaiting plaintiff's action, as I supposed he intended to begin proceedings against me." The object of this evidence was to prove the satisfaction of the judgment prior to the issuance of the execution of May sixth, eighteen hundred and ninety-three, and defendant Combs' knowledge thereof. But it was manifestly incompetent as against Combs, because the execution on which he seized the property is admitted to have been regular on its face, and to have been issued by a court of competent jurisdiction. It was therefore a complete protection to him, although he may have known that the judgment on which it was based had in fact been satisfied. A sheriff cannot be wiser than his process, and if the officer or tribunal by which it is issued has jurisdiction over the subject matter, and the process is regular on its face, showing no departure from the law or defect of jurisdiction, it will afford a complete protection to the officer executing it against any prosecution therefor, and he is not affected as to this rule of protection by anything he may have heard or learned outside of the process: Crocker on Sheriffs, § 283; *Erskine* v. *Hohnbach*, 81 U. S. (14 Wall.), 613; *Twitchell* v. *Shaw*, 10 Cush. 46 (62 Am. Dec. 80); *Mason* v. *Vance*, 1 Sneed, 178 (60 Am. Dec. 144); *O'Shaughnessy* v. *Baxter*, 121 Mass. 515; *Watson* v. *Watson*, 9 Conn. 140 (23 Am. Dec. 324); *Webber* v. *Gay*, 24 Wend.

485; *People* v. *Warren*, 5 Hill, 440. When, therefore, the execution was placed in the hands of Combs for service, it was his duty to execute it as commanded by its terms, and he is not liable for trespass in so doing, even if he knew the judgment had been paid. That portion of his return offered in evidence by the plaintiff amounted to nothing more than an admission that he knew the judgment had been paid, and as knowledge of that fact would not render him liable in this action, it was error to admit it in evidence against him.

2. Nor was this evidence admissible as against his codefendant Rader, because the return of a sheriff is not competent evidence as between the parties except as to facts to which he is required to certify in the proper execution of his powers: Crocker on Sheriffs, § 47; *Mitchell* v. *Hockett*, 25 Cal. 538 (85 Am. Dec. 151); *Sheldon* v. *Comstock*, 3 R. I. 84; *Hessong* v. *Pressley*, 86 Ind. 555; 2 Phillips on Evidence (5th ed.), 304, note. If Rader agreed to and did accept as payment on the judgment the assignment of the debt due the plaintiff from Harrer Brothers, and that would render him liable for trespass in issuing and causing to be levied the execution of May sixth, evidence of such fact would be competent, but the sheriff's return was not admissible for that purpose. It was his duty to certify only to the acts performed by him in his official capacity in the execution of the process, and not as to some agreement between the parties of which he may have had knowledge, and his certificate on the latter point

was no more entitled to be received in evidence as against Rader than the certificate of any other person with like knowledge of the alleged agreement. It follows that the judgment must be reversed, and a new trial ordered.                                    REVERSED.