Decided at PENDLETON, 13 August, 1898.

## BARR *v.* RADER.

[54 Pac. 210]

WHEN NONSUIT SHOULD BE REFUSED.—The only question for the consideration of the court on a motion for nonsuit is whether there is any evidence from which the jury can reasonably conclude that the facts sought to be proved are established, and in determining such question it must assume as true every fact which the jury could properly find from the evidence: *Wallace* v. *Suburban Railway Co.*, 26 Or. 174, and *Vanbibber* v. *Plunkett*, 26 Or. 562, approved.

EXECUTION — PAYMENT.—It is immaterial that an execution debtor does not offer an account as part payment of the execution, if it is taken and accepted by the creditor from the sheriff as such payment, and the debtor subsequently acquiesces therein.

From Grant:  MORTON D. CLIFFORD, Judge.

Action for damages by Emmet Barr against George Rader.    Judgment for plaintiff and defendant appeals.

AFFIRMED.

For appellant there was a brief over the name of *Lucian Everts*, with an oral argument by *Messrs. Chas. W. Parrish* and *L. Kearney*.

For respondent there was a brief over the names of *Thornton Williams, Jas. A. Fee* and *Thos. G. Hailey,* with an oral argument by *Mr. Fee.*

MR. JUSTICE BEAN delivered the opinion.

This action is to recover damages for the seizure, detention, and sale of certain personal property under an

execution issued at the instigation of the defendant on a judgment which it is alleged had been paid, and is here for the third time on appeal. The decisions in the two former appeals are to be found reported in 29 Or. 399 (45 Pac. 776), and 31 Or. 225 (49 Pac. 962), from which it appears that the only issue of fact in the case is whether the defendant accepted as part payment of an execution previously issued on the judgment in question an account in favor of plaintiff against Harrer Brothers, levied upon under such execution. At the trial, the proceedings of which are here for review, after the plaintiff had submitted his evidence in chief, the defendant moved for a nonsuit on the ground that he had failed to prove a cause sufficient to be submitted to the jury. This motion was overruled, and, the trial resulting in a verdict and judgment in favor of plaintiff, the defendant appeals, assigning as error the overruling of his motion for a nonsuit, and in refusing to give certain instructions requested by him.

The motion for a nonsuit ought not to prevail, unless the evidence for the plaintiff, taken in its most favorable light, and giving him the benefit of every fair and legitimate inference properly deducible therefrom, would not authorize the jury in finding in his favor, or, if they did, would require the court to set aside their verdict for want of evidence to support it. *Wallace* v. *Railway Co.*, 26 Or. 174 (25 L. R. A. 663, 37 Pac. 477); *Vanbibber* v. *Plunkett*, 26 Or. 562 (27 L. R. A. 811, 38 Pac. 707); *Herbert* v. *Dufur*, 23 Or. 462 (32 Pac. 302). On a motion for a nonsuit for insufficiency of evidence the court cannot weigh the testimony, or determine its sufficiency. The only question for its consideration is whether there is any evidence from which the jury can reasonably conclude that the facts sought to be proved are established. And in determining that question it must assume as true

every fact which a jury could properly find from the evidence, and give to the plaintiff every intendment and legitimate inference which can arise therefrom.

It may be admitted that the evidence tending to show that the defendant accepted the Harrer Brothers' account as a part payment on the first execution is very slight, but yet there is some evidence to that effect, and its sufficiency was for the jury and not the court. There is evidence that the contract between the plaintiff and Harrer Brothers, under which their indebtedness to him arose, was not consummated until after the issuance of the first execution, and was then completed with the understanding and agreement that the amount to become due thereon should be seized under such execution, and paid to the defendant; and the plaintiff testifies that it was his understanding that this account, which was not due for some six months after the garnishment, was received and accepted by the defendant as a part payment on the execution, and with this understanding he subsequently paid the balance due thereon in coin to the deputy sheriff, and got a receipt from him in full. The deputy sheriff who served the writ says that he acted under the express direction of the defendant, and when he took Harrer Brothers' answer to him he accepted the garnishment, and said he did not want any other property levied on, but was satisfied with what he had; that, acting on the understanding derived from his conference with the defendant, he regarded the account with Harrer Brothers as a part payment on the execution, and collected the balance due thereon from the plaintiff, giving him a receipt in full, and thereupon returned the execution. This evidence, corroborated as it is by the conduct of the parties and other circumstances, was sufficient to entitle the plaintiff to go to the jury on the question as to whether the defendant accepted the account against

Harrer Brothers as part payment on the execution, and therefore the motion for a nonsuit was properly overruled.

It is claimed that the court erred in refusing to instruct the jury that, in order to prove that the defendant " accepted the garnishment in question, it is necessary for the plaintiff to show that either he or his agent offered the garnishment to Rader as a part payment of the amount specified in the execution." But we are of the opinion that this proposed instruction was properly refused. It is immaterial whether there was any offer by plaintiff of the account against Harrer Brothers as part payment on the execution, if it was taken and accepted by the defendant from the sheriff as such payment, and the plaintiff subsequently acquiesced therein.

It is also claimed that the court erred in refusing to instruct the jury that the attorney for the defendant had no power, by virtue of his general retainer, to accept anything but money in payment of the execution, and that the receipt may be contradicted or explained by parol. But neither of the instructions was germane to any issue in the case. No claim was made that the agreement for the acceptance of the account as a payment on the execution was made with anyone but the defendant himself, or that the receipt given by the sheriff to the plaintiff was binding on the defendant. There being no error in the record, the judgment is affirmed.

AFFIRMED.