<div style="float:right">40  273<br>46  189</div>

## ADAMSON v. FRAZIER.

[66 Pac. 810, 67 Pac. 300.]

WAREHOUSE RECEIPTS AS REPRESENTING PROPERTY.

1. Under sections 4201 and 4205, Hill's Ann. Laws*, regulating the storage of property in warehouses and the issuing of receipts therefor, an indorsement of a warehouse receipt by the person to whom it has been issued, is a transfer of the property itself, so that property stored in a warehouse and represented by a receipt cannot be attached as belonging to the depositor if he has theretofore endorsed his receipt: *Anderson* v. *Portland Flour. M. Co.* 37 Or. 483, applied.

ATTACHMENT OF GOODS IN WAREHOUSE—ANSWER OF GARNISHEE.

2. An answer by a warehouseman garnishee that he has in his care certain property stored by the defendant in the writ, for which he has issued negotia-

---

*Section 4201. It shall be the duty of every person keeping, controlling, managing, or operating, as owner, or agent, or superintendent of any company or corporation, any warehouse, commission house, forwarding house, mill, wharf, or other place where grain, flour, pork, beef, wool, or other produce, or commodity is stored, to deliver to the owner of such grain, flour, beef, pork, wool, produce, or commodity a warehouse receipt therefor, which receipt shall bear the date of its issuance, and shall state from whom received, the number of sacks, if sacked, the number of bushels, or pounds, the condition or quality of the same, and the terms and conditions upon which it is stored.

Section 4205. All checks or receipts given by any person operating any warehouse, commission house, forwarding house, wharf, mill, or other place of storage for any grain, flour, pork, beef, wool, or other produce, or commodity stored or deposited, and all bills of lading and transportation receipts of every kind, are hereby declared negotiable, and may be transferred by endorsement of the party to whose order such check or receipt was given or issued, and such endorsement shall be deemed a valid transfer of the commodity represented by such receipt and may be made either in blank or to the order of another.—REPORTER.

40 OR.—18.

ble warehouse receipts, is not a statement that such property still belongs to the person who stored it, and if the property is afterwards claimed by genuine transferees of the warehouse receipts, the garnishee will not be liable on his answer, even though the case has proceeded to judgment, and an order has been entered directing the sale of the attached property described in his answer.

GARNISHMENT—EFFECT OF ADMITTING INDEBTEDNESS.

3. Where a garnishee by his answer to the writ admits an indebtedness to the attachment or execution debtor, a judgment may be entered that the officer collect such debt out of his property if he refuses to pay it on demand ; but no personal judgment can be entered against him : *Barr* v. *Warner,* 38 Or. 109, explained as to par. 1, and corrected as to headnote 1.

From Multnomah:   JOHN B. CLELAND, Judge.

Suit by Robert Adamson against Wm. Frazier, sheriff, and others, to restrain a sale of certain property in plaintiff's warehouse.   There was a decree as prayed for, and defendants appeal.                                             AFFIRMED.

For appellants there was a brief over the name of *Platt & Platt,* with an oral argument by *Mr. Harrison G. Platt.*

For respondent there was a brief over the name of *Williams, Wood & Linthicum,* with an oral argument by *Messrs. Geo: H. Williams,* and *J. Couch Flanders.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

The plaintiff is a wharfinger and warehouseman, of Greenwich Wharf and Warehouse, in the City of Portland.   At divers and sundry times prior to April 12, 1899, he received on storage as such warehouseman various lots and quantities of grain for the account of J. R. Cameron & Company, to whom he issued and delivered negotiable warehouse receipts for all but seven hundred and sixty four sacks of the grain so received.   On April 12 the defendant Wells, Fargo & Company, caused a garnishment to be served on the plaintiff in an action brought by it against Cameron & Company, and in answer thereto the plaintiff furnished the sheriff a certificate, of which the following is a copy :

"For return to the garnishment served upon me as wharf-inger of Greenwich Wharf and Warehouse No. 1, on April 12, 1899, in the suit of Wells, Fargo & Co. v. J. R. Cameron & Co., I state that I have no moneys in my possession belonging to J. R. Cameron or J. R. Cameron & Co. There is in my possession as such wharfinger the following property, which had been received by me as such wharfinger on various dates and times prior to the service upon me of such garnishment, and for the account of J. R. Cameron & Co.; 33,118 sacks of wheat of various grades and qualities, against which such wheat I had previous thereto issued for the account of J. R. Cameron & Co. negotiable warehouse receipts for 21,505 sacks of wheat, and also for 23,549 bushels of wheat; also 3,800 sacks of barley, against which I had previous thereto issued for the account of J. R. Cameron & Co. negotiable warehouse receipts for 3,800 sacks of barley. All of such wheat and barley is subject to warehouse and storage charges."

A few days later he made an amended certificate, for the purpose of correcting an error in the original as to the quantity of wheat. Prior to the garnishment, although unknown to the plaintiff, Cameron & Company had sold and transferred the wheat receipts, for value, to *bona fide* purchasers, who a short time thereafter presented them and demanded possession of the grain, which was delivered accordingly. Wells, Fargo & Company subsequently recovered judgment in the action against Cameron & Company, and an order for the sale of the attached property. An execution having been issued thereon, the sheriff advertised for sale, as the property of Cameron & Company, and on storage with the plaintiff, the quantity of wheat mentioned in his certificate, whereupon this suit was commenced to determine the conflicting claims of the defendants Wells, Fargo & Company and Mariner to five hundred and three sacks of the wheat for which receipts had not been issued, and to enjoin the sheriff (Frazier) from selling or attempting to sell any grain for which receipts had been issued. By stipulation of the parties, Mariner was allowed the five hundred and three sacks, and the suit was dismissed as to him. The court below held that the attachment operated and took effect only upon the remainder of the grain for which re-

ceipts had not been issued, and entered a decree accordingly, from which the defendant Wells, Fargo & Company appeals.

1. The warehouse receipts for the grain stored with plaintiff on account of Cameron & Company stood for and represented the property, and their transfer was a valid transfer of the commodity itself, so that at the time of the attachment Cameron & Company did not own the wheat covered by the receipts, and had no attachable interest therein: Hill's Ann. Laws, § 4201, *et seq.; State* v. *Koshland,* 25 Or. 178 (35 Pac. 32) ; *Anderson* v. *Portland Flouring Mills Co.* 37 Or. 483 (82 Am. St. Rep. 771, 60 Pac. 839, 50 L. R. A. 235).

2. It is contended, however, that the judgment in the action brought by Wells, Fargo & Company is a conclusive determination, as against the plaintiff, of the quantity of grain in his possession belonging to Cameron & Company at the time of the service of the writ, and that he is bound thereby. It is argued that, inasmuch as he received information before the judgment that the wheat receipts had been sold prior to the garnishment, he should have amended his certificate by showing that fact, and because of neglect in that respect he must now deliver to the sheriff the quantity of wheat specified in his certificate, to be sold under the execution issued on the judgment, although in fact it did not belong to the defendant in the writ. Many authorities are cited to the effect that it is the duty of a garnishee to make a full disclosure, either in his original or by an amended answer, of all facts within his knowledge affecting his liability, and that equity will not afford him relief when he could have protected himself by amending his answer or appealing from the judgment against him. But the judgment in the law action was not against the plaintiff in this suit. He was not a party to the action, and had no right to appear or to be heard therein as to the form or character of the judgment. An order for the sale of attached property is not conclusive, as between the parties, of all questions concerning the liability of the attached property to an execution on the judgment [*Berry* v. *Charlton,* 10 Or. 362; *Barr* v. *Rader,* 33 Or. 375, 378 (54 Pac. 210)] ; and, clearly, it

cannot affect the rights of a person not a party, and who has no opportunity to be heard. Where a judgment is rendered in a proceeding against a garnishee, the rule contended for by defendant would, no doubt, apply the same as in any other case. But such a proceeding can only be instituted when the garnishee refuses to give a certificate as required by the statute, or when the certificate given is unsatisfactory to the plaintiff (Hill's Ann. Laws, § 152), and then only by serving upon him written allegations [Hill's Ann. Laws, §§ 163, 164; *Case* v. *Noyes*, 16 Or. 329 (19 Pac. 104); *Smith* v. *Conrad*, 23 Or. 206 (31 Pac. 398)]. The service of the writ on the plaintiff merely operated as an attachment of such property of defendant as was then in his possession, and his certificate afforded the basis of subsequent proceedings against him if deemed necessary; but it did not authorize the entry of a judgment against him in the original action, nor is he concluded by any decision of the court as to its sufficiency or effect.

Under the statute (Hill's Ann. Laws, § 149), personal property in the hands of a third person is attached by leaving a certified copy of the writ and a notice specifying the property with such person, who is required to furnish the officer with a certificate designating the amount and description of the property, if any, in his hands, belonging to the defendant (Hill's Ann. Laws, § 152). If it appears from such certificate that the garnishee has in his possession property belonging to the defendant, and a judgment is subsequently rendered in favor of the plaintiff in the action, and an execution issued thereon, the sheriff is required, unless the property is delivered to him, to levy upon it wherever he may find it: Hill's Ann. Laws, § 284. It is therefore probable that a garnishee would not be permitted to dispute his certificate in case the sheriff should attempt to levy upon property he thereby admitted was in his possession, belonging to the defendant, at the time of the service of the writ. But here the certificate of the plaintiff does not show his possession of any such property. All it shows is that he was in possession of a certain quantity of grain received for storage on account of Cameron & Company, for

which he had issued negotiable warehouse receipts, then out-standing. This is not an admission that the property then belonged to Cameron & Company; hence he has not contra-dicted his certificate by showing that the wheat receipts were at the time owned by other parties. He had neither opportu-nity nor need to make such a showing in the law action, and it certainly would be inequitable and unjust, after he had de-livered the property to the rightful owners under his contract of bailment, to require him to answer for its value to the de-fendant in this suit, which by its attachment could not and did not acquire any greater interest in the property than that of Cameron & Company.                                    Affirmed.

<div style="text-align:center">

Decided 9 December, 1901.

On Petition for Rehearing.

</div>

Mr. Chief Justice Bean delivered the opinion.

3. Our attention has been attracted to the headnote in *Barr* v. *Warner,* 38 Or. 109 (62 Pac. 899), in which it is said "The effect of a certificate of indebtedness by a garnishee is to make such garnishee a party to the action, and to authorize a judg-ment against him for the debt or property of the debtor that he may have in his possession." This statement by the re-porter of the doctrine of the opinion is not entirely accurate. As preliminary to the question in the case, Mr. Justice Moore discusses the effect of a certificate of a garnishee admitting an indebtedness to the execution debtor, and says that under our statute it "is equivalent to making a garnishee a party to any judgment that may be or has been given therein." But this is only to the extent that an execution issued thereon may be levied upon the property of the garnishee if he refuses to pay the debt to the officer on demand. It is evident from the opinion that it was considered that such a result flows from the statute and the admission of the garnishee, and not from any judgment that might be rendered against him in the action. When a garnishee admits in his certificate that he is in posses-sion of property belonging to the defendant in the writ, or is

indebted to him, the statute provides the procedure in case a judgment is rendered in the principal action: Hill's Ann. Laws, § 284. But when he does not make such an admission, the only remedy against him is that provided in sections 163 and 164. In no event is he a party to the original action, in the sense that a judgment can be rendered against him therein.

The other points suggested in the petition were not overlooked by the court, and we do not deem it necessary to notice them further. The petition for rehearing is therefore denied.

REHEARING DENIED.