Antonio F. Dindio *vs.* George N. Meshaka & another.

Suffolk.   March 5, 1931. — March 9, 1931.

Present: Rugg, C.J., Crosby, Pierce, Wait, & Sanderson, JJ.

*Practice, Civil,* New trial; Misnomer; Amendment: after trial.

The writ in an action in a municipal court for work and labor described the defendant under several aliases, all having the same surname. He appeared and answered generally. A man in court at the trial of the action was identified by the plaintiff as the one for whom he had worked. He was called as a witness by the plaintiff and testified on cross-examination under G. L. c. 233, § 22, that he had employed the plaintiff and that his name was one having the same surname

as that specified in the writ, with a given name different from any of those therein specified. The trial judge found for the plaintiff. Upon a motion by the defendant for a new trial on the ground that the defendant named in the writ was a different person from the one who had employed the plaintiff, the judge found that the defendant described in the writ was the man who testified at the trial, upon whom service of the writ was made and against whom the finding was made; denied the motion; and allowed a motion by the plaintiff to amend the writ by adding to the description of the defendant, as another alias, the name given by the man in his testimony. *Held*, that there was no error in the judge's disposition of the motions.

In an action for work and labor against several defendants, judgment properly may be rendered against one of them alone.

After a finding for the plaintiff, in an action in a municipal court for work and labor, in a sum larger than that sought by the plaintiff in his declaration, there was no error in the allowance of a motion by the plaintiff to amend the declaration to conform to the amount found to be due him.

CONTRACT for work and labor, the plaintiff seeking to recover $200.63. Writ in the Municipal Court of the City of Boston dated June 28, 1930.

Material evidence at the trial in the Municipal Court and findings by the trial judge are stated in the opinion. The judge found for the plaintiff in the sum of $207.87. A motion by the defendant George N. Meshaka, alias, for a new trial, and motions by the plaintiff to amend the writ and declaration are described in the opinion. The judge allowed the plaintiff's motions, denied the defendant's motion and reported the action to the Appellate Division. The report was ordered dismissed with double costs. The defendant appealed.

. *N. Barnett,* for the defendant George N. Meshaka.

*J. Doyle,* for the plaintiff, was not called on.

RUGG, C.J. This is an action of contract to recover for work and labor performed. The description in the writ as originally framed of the only defendant against whom a finding was made is "George N. Meshaka, also known as N. N. Meshaka also known as Nagee N. Meshaka." The defendants appeared and answered generally. No plea in abatement was filed. The individual for whom the plaintiff testified that he performed the labor was in court at

the trial on the merits and was identified by the plaintiff. He was called as a witness by the plaintiff for cross-examination under the statute. (G. L. c. 233, § 22.) He testified that he was the person for whom the plaintiff performed labor as alleged in his declaration. He testified that his name was Najeeb N. Meshaka, and he is so described in the report. The finding was for the plaintiff. The defendant filed a motion for a new trial on several grounds, one of which was that George N. Meshaka was a different person from N. N. Meshaka who did business with the plaintiff. Evidence was heard upon this motion. The trial judge found as a fact that the person described in the writ as defendant under the several aliases was the person called by the plaintiff as a witness for cross-examination, was the person upon whom the writ was served and was the person against whom the finding of the court was made. The motion for a new trial was denied.

It is too plain for discussion that in view of these findings there was no error of law in the action of the trial judge. If the person upon whom the writ was served thought he was misdescribed in the writ, his remedy was by a plea in abatement. Advantage of such a matter cannot be taken after a general appearance. *Langmaid* v. *Puffer*, 7 Gray, 378. *White* v. *E. T. Slattery Co.* 236 Mass. 28, 31 and cases there collected.

Moreover, the plaintiff was rightly allowed after the trial on the merits to amend his writ by adding to the description of the defendant, as another alias, the name given by the witness who admitted in testimony that he employed the plaintiff and upon whom, as found by the trial judge, service of the writ was made.

Judgment could properly be rendered against one of two or more defendants. G. L. c. 235, § 6.

Amendment to the declaration was rightly permitted in order to enable the pleadings of the plaintiff to conform to the amount found by the trial judge to be due to him from the defendant. *Pizer* v. *Hunt,* 253 Mass. 321, 331.

There was no error in the denial of all the requests of the defendant for instructions.

No genuine question of law is raised on this record. The case is governed by elementary principles. The appeal appears to be frivolous and immaterial. G. L. c. 211, § 10.

*Order dismissing report affirmed*
*with double costs.*