BAY STATE WHOLESALE DRUG COMPANY & another *vs.* RAYMOND L. WHITMAN.

Suffolk.   January 5, 1932. — September 12, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & FIELD, JJ.

*Evidence*, Of place of residence, Competency, Best evidence, Public record, Officer's return. *Constitutional Law*, Full faith and credit. *Practice, Civil*, Service of writ, Stipulation.

At the hearing of a plea in abatement of an action at law, the defendant contended that, at the time of the leaving of a copy of an order of notice in November, 1930, at a place stated in the officer's return to be the defendant's "last and usual place of abode" in a town in this Commonwealth, the defendant was not domiciled in this Commonwealth, and he was allowed to introduce in evidence a letter from a clerk of the town of the alleged "last and usual place of abode" containing a statement that, "although formerly assessed as a resident in this town he was not so assessed during the year 1930, but was assessed during that year as a non-resident — residence Port Sewall, Florida; — and that prior to 1930 his name was removed from the voting list, and that he was not registered as a voter in 1930." The parties agreed that, so far as the evidence contained therein would have been admissible if the town clerk had testified in person, it should be admitted. *Held*, that

(1) The agreement of the parties meant only that if the town clerk were present and testifying orally he would state that which was set forth in the letter; it was not fairly susceptible of the construction that, if the town clerk had been summoned into court under order to produce his books and the records of the town and under oath had properly verified them, they would have disclosed the facts set forth in the letter;

(2) Such testimony by the town clerk would have been inadmissible because it would have been secondary evidence;

(3) The substance of the evidence would not have been admissible if the original records had been produced.

A certificate, purporting to be a copy of the records of a town in the State of Florida, containing an oath by one of the same name as the defendant as incumbent of an office in that town, taken before a notary public, and a copy of an official ballot containing the same name among other names of candidates for divers town offices at an election, all for 1930, the certificate being signed by the town clerk, who made oath to it before a notary public, with attached thereto an authentication by the Secretary of State of Florida that the persons signing as notaries public were duly commissioned and that their signatures were genuine, was not admissible under G. L. c. 233, § 44, at the hearing above described, it not appearing that the plaintiff had sufficient notice of the taking thereof and an opportunity to cross-examine the witness or that the circumstances were such that no notice could be given.

Such certificate of the clerk of the Florida town was not admissible under U. S. Rev. Sts. § 906, it not being shown to have been attested "in due form, and by the proper officers."

There was no error, at the hearing above described, in the denial of a request by the plaintiff for a ruling that the "sheriff's return on the writ is conclusive," the request being immaterial in the circumstances: while the return by the officer that the copy of the notice was left at the "last and usual place of abode" of the defendant in a certain town in this Commonwealth was conclusive between the parties, it did not preclude the defendant from proving that at that time he was not domiciled in this Commonwealth.

TORT. Writ dated April 20, 1927.

Proceedings in the Superior Court relating to the service of the original writ, an amendment of the writ and service of an order of notice after amendment are described in the opinion. The defendant filed a plea in abatement. The plea was heard by *Sisk*, J. Material evidence and rulings by the judge are described in the opinion. The plea was sustained. The plaintiffs alleged exceptions.

*B. Goldman*, for the plaintiffs.

*L. S. Apsey*, for the defendant.

RUGG, C.J.   This action was brought on April 20, 1927. The defendant named in the writ was Richard Whitman and he was described as a resident of Hamilton in this Commonwealth and summons was directed accordingly.   The officer's return under date of April 29, 1927, showed no attachment of property and stated: "I summoned the said Richard Whitman, (otherwise known to me as Raymond L. Whitman) defendant within named, to appear and answer at Court as within directed by leaving at his last and usual place of abode on Bridge St., Hamilton, Mass., a summons to this writ (there being no number on the house)."   On June 22, 1927, the defendant appeared specially, filed an answer in abatement and motion to dismiss on the ground that it appeared by the officer's return that he had made service on Raymond L. Whitman as the defendant while the defendant was described on the face of the writ as Richard Whitman.   On October 30, 1930, the plaintiffs filed a motion to amend their writ and declaration by striking out "Richard Whitman" wherever that name appeared as defendant and inserting in place thereof "Raymond L. Whitman."   On that motion, after hearing, the court took this action: "Allowed November 28, 1930, and Order of Notice to issue."   In accordance with that direction, order of notice issued under date of November 28, 1930, reciting that no personal service had been made upon the defendant and ordering the plaintiffs to give further notice.   Upon this order of notice the officer made return under date of January 14, 1931, that he had that day given notice "to the within named Raymond L. Whitman (as amended) to appear and show cause at Court as within directed by leaving at his last and usual place of abode, off Bridge St. Hamilton, Mass. a true and attested copy of this Order."   Thereupon the defendant appeared specially and filed a plea in abatement setting out that, both at the time of the alleged service on him of the original writ and also at the time of the alleged service on him of the order of notice, he was not a resident of the Commonwealth and that on the latter date he had no last and usual

place of abode in the Commonwealth and had never been personally served with process within the Commonwealth. At the hearing on this plea in abatement there was no oral testimony. The only evidence was that offered by the defendant and was documentary.

1. A letter from the town clerk of Hamilton was introduced in evidence subject to the exception of the plaintiffs but upon agreement of parties that, so far as the evidence contained therein would have been admissible if the town clerk had testified in person, it should be admitted. It was addressed to counsel for the defendant in reply to an inquiry in regard to the assessment for taxes and registration as a voter of Raymond L. Whitman, and stated that, "although formerly assessed as a resident in this town he was not so assessed during the year 1930, but was assessed during that year as a non-resident — residence Port Sewall, Florida; — and that prior to 1930 his name was removed from the voting list, and that he was not registered as a voter in 1930." The agreement under which this letter was admitted simply means that if the town clerk were present and testifying orally he would state that which is set forth in the letter. The agreement is not fairly susceptible of the construction that, if the town clerk had been summoned into court under order to produce his books and the records of the town and under oath had properly verified them, they would disclose the facts set forth in the letter. Neither the agreement nor the letter makes reference to the books or records of the town clerk or of the town. Such testimony by the town clerk would have been inadmissible because secondary evidence. The books and records, so far as competent, were the best evidence. We are of opinion that the substance of the evidence would not have been admissible if the original records had been produced. The facts in issue under the plea were all of recent occurrence. They did not relate to ancient matters. It was said in *Commonwealth* v. *Heffron*, 102 Mass. 148, 151–152: "The book of assessments of taxes, made and kept by the assessors in the performance of their official

duty . . . is doubtless competent evidence of the facts therein stated in all cases relating to the assessment or collection of the tax . . . How far it is admissible for any other purpose, and in controversies between persons not claiming rights under it, is a question upon which the authorities are somewhat obscure. But upon a careful examination we do not find any adjudication in favor of its admissibility against third persons, by itself, and when recently made, and not expressly declared to be evidence by statute." The assessment of a poll tax and personal property to a person in one town is no evidence of his domicil against another town. *Mead* v. *Boxborough,* 11 Cush. 362. Testimony that one was not assessed for real property in one municipality is no evidence that he did not own real estate there. *Commonwealth* v. *Quinn,* 222 Mass. 504, 516. On principle as well as on authority, the record of the assessors was not evidence of residence in the circumstances here disclosed. *Burns* v. *Stuart,* 168 Mass. 19. *Tax Collector of Lowell* v. *Hanchett,* 240 Mass. 557, 561. The case at bar is covered on this point by the authority of *Sewall* v. *Sewall,* 122 Mass. 156. In that case the domicil of the husband in a libel for divorce was a material fact. In order to prove that it was in a certain town, he offered the voting list and the tax list. It was held that both were excluded rightly. The presence or absence of a name from the voting list without more is no evidence of domicil, and the same is true of the tax list. *Fisk* v. *Chester,* 8 Gray, 506. *Jordan* v. *Carberry,* 185 Mass. 181. There is nothing at variance with this conclusion in *Enfield* v. *Woods,* 212 Mass. 547, where the point in issue was different.

2. There was also introduced in evidence a certificate purporting to be a copy of the records of the town of Port Sewall in the State of Florida, containing an oath by one of the same name as the defendant as incumbent of an office in that town, taken before a notary public, and a copy of the official ballot containing the same name among other names of candidates for divers town offices at an election, all for 1930, signed by the town clerk, who made oath to it before a notary public. Attached thereto was an authen-

tication by the Secretary of State of Florida that the persons signing as notaries public were duly commissioned and that their signatures were genuine.

It was error to admit this certificate in evidence. It was not admissible under G. L. c. 233, § 44. It nowhere appears that the plaintiffs had sufficient notice of the taking thereof and an opportunity to cross-examine the witness, or that the circumstances were such that no notice could be given. No testimony was introduced. Therefore there could have been no proof of that essential prerequisite.

The Congress, under the full faith and credit clause of the Constitution of the United States, art. 4, § 1, has provided by U. S. Rev. Sts. § 906, that "All records and exemplifications of books, which may be kept in any public office of any State . . . not appertaining to a court, shall be proved or admitted in any court or office in any other State. . . . by the attestation of the keeper of the said records or books, . . . together with a certificate of the . . . secretary of state, . . . that the attestation is in due form, and by the proper officers . . . ." Doubtless this statute is to be given a broad construction in order to effectuate its manifest purpose. But it requires certain essentials as prerequisite to the admission of the record in evidence. The attestation of the custodian of the records must be said by the Secretary of State to be "in due form" and "by the proper officers." The certificate received in evidence did not authenticate the alleged record in either of these particulars. No official certified that the attestation by the person signing as town clerk is "in due form, and by the proper officer." Our attention has not been drawn to any statute of the State of Florida supplying this defect in the certificate. St. 1926, c. 168. *Seemann* v. *Eneix*, 272 Mass. 189, 195. Therefore it was not so accredited as to be competent evidence.

There is nothing to show that the town clerk of Port Sewall was required to keep public records of the nature attested. It has been held "that in order to render even properly certified and authenticated copies of non-judicial records from another State competent evidence under the

Act of Congress, two preliminary facts must be proved, first, that the record is one that is required to be kept by the law of that State, and second, that a certified copy of the record would there be received in evidence." *Reed* v. *Stevens*, 120 Maine, 290, 292–293. *Wilcox* v. *Bergman*, 96 Minn. 219. The point decided in *Kingman* v. *Cowles*, 103 Mass. 283, affords no support to the contention of the defendant. Whether, in any event, admissible evidence would be required that the defendant was the person holding office in the Florida town, notwithstanding identity of name, need not now be decided. *Ayers* v. *Ratshesky*, 213 Mass. 589, 593.

3. The plaintiffs requested a ruling that the "sheriff's return on the writ is conclusive." No specific action was taken on this request. Since the plea in abatement was sustained, it may be assumed that this request was either denied or treated as immaterial. If the request means that the return was conclusive of the issues raised on the plea in abatement, it was denied rightly. The main part of that plea was that the defendant was not a resident of Massachusetts. He was described in the writ as a resident of Hamilton in this Commonwealth. That was an allegation of a fact. It was open to the defendant to put the truth of that allegation in issue by plea in abatement. It was not a matter as to which the return of the officer was decisive. This point is often raised on a writ of error. *Porter* v. *Prince*, 188 Mass. 80, and cases cited. A party is not obliged to wait until that stage. It may also be raised by plea. He may do it forthwith. *Tilden* v. *Johnson*, 6 Cush. 354, 359. *Browning-Drake Corp.* v. *AmerTran Sales Co.* 274 Mass. 545. *United Drug Co.* v. *Cordley & Hayes*, 239 Mass. 334, 338. This principle does not conflict with the rule stated on page 339 of the case last cited, with ample citation of supporting authorities, that in this Commonwealth as between the parties, and their privies, the return of the officer is conclusive as to all matters which are properly the subject of a return by him. The two are different propositions, each covering a separate field. So far as the return of the officer stated that the copy was left at the "last and

usual place of abode" of the defendant in Hamilton, it was conclusive between the parties. *Stewart* v. *Griswold*, 134 Mass. 391. *Joyce* v. *Thompson*, 230 Mass. 254. See also *McDonald* v. *Mabee*, 243 U. S. 90, 92. If the defendant was a nonresident of the Commonwealth at the time of the service of the original writ and of the order of notice, no judgment could be rendered against him and the plea ought to be sustained. *Eliot* v. *McCormick*, 144 Mass. 10. *Cheshire National Bank* v. *Jaynes*, 224 Mass. 14. If he was temporarily absent from the Commonwealth, further notice was required. G. L. c. 223, § 31; c. 227, § 7. *Porter* v. *Prince*, 188 Mass. 80. The service upon the original writ was on its face sufficient compliance with the statutes. The misdescription of the defendant in the writ was a misnomer which ought to be taken advantage of by plea in abatement. It could be remedied by amendment in case of personal service without notice to the defendant in the event of his failure to appear. *Langmaid* v. *Puffer*, 7 Gray, 378. *White* v. *E. T. Slattery Co.* 236 Mass. 28, 31. *Dindio* v. *Meshaka*, 275 Mass. 112. In all these circumstances, it cannot be held that there was error in denying this request. It was immaterial, in the view which the trial judge took of the case on its merits. How far it may be pertinent at the new trial will depend upon evidence and facts not revealed on the present record.

*Exceptions sustained.*