Pettingell, J.
Some time prior to January 19, 1932, one George W. Ramsden was in an automobile collision ■with one Sebastian Cutrona, and on that date brought suit for damage sustained in that collision. In the writ beginning that action, the defendant was named as Salvatore Cutrona, Jr.; service of the writ was made by delivering a summons of it in hand to Sebastian Cutrona; the return of the constable upon the writ was to the effect that service was made by delivery in hand to Salvatore Cutrona, Jr. Sebastian Cutrona engaged counsel, who not knowing that Sebastian was not Salvatore, entered an appearance in the name of Salvatore. Sebastian attended the trial and testified as a witness. The plaintiff Ramsden secured judgment against Salvatore Cutrona, Jr. on which an execution was issued which was levied upon the property of Salvatore Cutrona, Jr., the plaintiff in this case, by the present defendant, a constable. Before the levy, the defendant was informed that Salvatore was not involved in the action in which Ramsden was the plaintiff, but that Sebastian Cutrona was the person against whom the judgment was obtained and was the actual defendant in that case. The trial judge made a finding of fact, “that the defendant in the present case had reasonable grounds to believe that an error had been made in the first case, and that said Sebastian Cutrona was the person who actually appeared and defended the first case, and was the person against whom it was intended judgment should be rendered”. There was evidence that the defendant knew that Salvatore Cutrona, Jr. had not been served with process in the first action.
The trial judge also found, “that the defendant in this action relied implicitly upon the execution issued in said first case in serving said execution”.
*4 There was a finding for the defendant. The report contains all the evidence material to the questions reported.
The judgment in the first action was against Sebastian Cutrona and not against Salvatore Cutrona, Jr., as to whom it was a nullity.
“The right of a person to adopt a name in which to transact business and to sue and to be sued either in that name or in his own seems to be generally recognized.” Liddell v. Middlesex Motor Co., 275 Mass. 346, at 352, 353.
And when one is sued in a name not his own, and personal service upon him is made, if he wishes to avoid liability in the name in which he is sued, his duty is to plead the misnomer in abatement. Smith v. Bowker, 1 Mass. 76, at 79; Wood v. LeBaron, 8 Cush. 471, at 473; Trull v. Howland, 10 Cush. 109, at 112-114; Liddell v. Middlesex Motor Co., 275 Mass. 346, at 352, 353. Failure so to plead is “an admission of the truth of the matters set out in the declaration of so deliberate and solemn a character that he cannot be heard in denial of it so long as the judgment rendered in that suit remains unreversed”. Gorman’s Case, 124 Mass. 190, at 192, 193. Where there has been personal service upon the defendant, and there has been a mistake in his name, the judgment obtained against him has been neld good. Root v. Fellowes, 6 Cush. 29, at 30; Dindio v. Meshaka, 275 Mass. 112, at 114; Liddell v. Middlesex Motor Co., 275 Mass. 346, at 352, at 353. Such a judgment is valid if the one personally served has failed to appear and the judgment is based on a default. Smith v. Bowker, 1 Mass. 76, at 79; Trull v. Howland, 10 Cush. 109, at 112, 114; O’Shaughnessy v. Baxter, 121 Mass. 515, at 516; Gorman’s Case, 124 Mass. 190, at 192,193; Cleaveland v. Boston Five Cents Savings Bank, 129 Mass. 27, at 30; and where there has been personal service and the default of the person *5 served, the plaintiff may amend his writ, correcting the name of the defendant, without notice to him. Langmaid v. Puffer, 7 Gray 378, at 380, 382; Bay State Wholesale Drug Co. v. Whitman, 280 Mass. 188, at 195.
The rule is different where there is no personal service or something1 equivalent thereto. Where a writ, incorrectly naming the defendant, was left at a place which the court found was not the last and usual abode of the defendant, it was held in an action on the judgment obtained in that action that it was essential to the plaintiff’s recovery that it should be proved, not only that the defendant was the real person sued but that he was duly served with process, though under a mistaken name. Judgment in the second action was entered for the defendant. Fitzgerald v. Salentine, 10 Met. 436, at 437, 438.
In Liddell v. Middlesex Motor Co., 275 Mass. 346, at 353, the court said, in determining the defendant’s liability,
“All the essential conditions precedent to the entry of a judgment against Bumford under the name describing the defendant in the writ, as stated in Fitzgerald v. Salentine, 10 Met. 436, 438, were present in this case. Actual service of process was made upon him; he was the party intended to be sued; he has been fully heard and his liability for the plaintiff’s injury has been established. If he had cared to take any advantage of a misnomer or misdescription in the writ he should have done so by plea in abatement, and not having so pleaded he has waived any objection which might have been raised by such plea and" judgment may now be entered against him in the name by which he was described in.the writ”.
In a recent case in which the facts were similar to those in Fitzgerald v. Salentine, the court found that the judgment rendered against the party sued in the first action was a nullity.
*6 “It is clear upon the reported facts that the present defendant (Joseph S. Wood) and no other person was the person intended to be sued in the previous action. It is also clear that the present defendant was not served in hand with the writ or summons in the previous action; that the writ served in the previous actian named Joseph S. Woods as defendant; and that service was- made on such defendant by leaving a sum-mans of the writ at a place which was not the last and usual abode of Joseph S. Wood, the present defendant. In these circumstances it is plain a judgment by default against the present defendant was a nullity as to him . . . The result would be different had the writ actually been served upon the present defendant in the previous action.”
F. H. Hill Co. Inc. v. Doe, 286 Mass. 187, at 190.
Thus it is to ¡be seen that where one is personally served with process, although incorrectly described as to name, and does not plead the misnomer in abatement, a judgment obtained against him is good, and may be levied on his property in the name by which he was sued. On the other hand, if there is not personal service, or an equivalent, any judgment recovered against the defendant named is a nullity. Compare the provisions of Gr. L. (Ter. Ed.) C. 223, Section 19.
In the case under consideration, a good judgment was obtained against Sebastian Cutrona, although he was sued in the name of Salvatore Cutrona Jr. He was served with process, he appeared and defended, and he was the party intended to be sued. As to Sebastian’s liability, for a case very close on the facts, see Dindio v. Meshaka, 275 Mass. 112, at 114.
On all logic, if the judgment- was good against Sebastian who was served, it cannot also be good against Salvatore, who was not served at all, who did not appear, and was not the person intended to be served. The validity of a judg *7 ment cannot depend upon the whim of the parties. It is certain that Sebastian could not contest or impeach it; it must be equally certain that the original plaintiff, the judgment creditor, is bound by it.
But added to logic we have the decided cases of Fitzgerald v. Salentine and F. H. Hill. Inc. vs. Doe, just cited, to the effect that as to Salvatore, the present plaintiff, the original judgment is a nullity.
The next and vital question is whether the defendant, the constable, having for levy an execution, which as to Salvatore, is a nullity, is protected by the process from personal liability.
Although the general rule is that an officer is so protected where the process is in due form and comes from a court with general jurisdiction over the subject, Donahoe v. Shed, 8 Met. 326, at 328; Fisher v. McGirr, 1 Gray 1, at 45; Clarke v. May, 2 Gray 410, at 413; Tellefsen v. Fee, 168 Mass. 188, at 193; there are nevertheless exceptions to the rule. In Tellefsen v. Fee, just cited, the officer was not protected because the court, although normally having’ jurisdiction of such cases, did not have jurisdiction in the particular ease. He is not protected if in making an attachment of the goods of the defendant he attaches those of a third party. Commonwealth v. Kennard, 8 Pick. 133, at 135, 137; Davis v. Stone, 117 Mass. 486; Edmunds v. Hill, 133 Mass. 445, at 447; Koski v. Haskins, 236 Mass. 346, at 347. The explanation for this liability is that his precept does not run against the goods of the third person. In other words, there is a question of identity which the officer must determine before he attaches goods; he must make certain that the goods in question are the goods of the defendant and therefore within the scope of his precept. There is no reason why this same determination should not apply to the identification of *8 the person to be served. The execution in the officer’s hand does not run against any Salvatore Cutrona Jr. who may be in the neighborhood, but against that Salvatore Cutrona Jr. who was served with process and against whom judgment was obtained; in this case the Salvatore Cutrona Jr. intended by the execution is Sebastian Cutrona.
The existence of this question of identity is recognized, as to levy upon personal property, by Gen. Laws (Ter. Ed.), C. 235, Section 35, and as to arrest upon execution, by Gen. Laws (Ter. Ed.) C. 224, Section 6, each of which provides that in the case of doubt as to the ownership of the goods, or the identity of the person, the officer may refuse to levy or arrest, unless provided with sufficient security for indemnification. These statutes clearly imply personal liability of the officer in case of wrong decisions as to ownership or identity which is in line with the decisions already quoted.
In Sanford v. Hodges, 11 Gray 485, which was an action upon a judgment, evidence was offered and admitted to prove that Lewis B. Hodges, defendant in the action on trial, was the person served with process in the original action under the name of Lewis Hodges.
In Hallowell & Augusta Bank v. Howard, 14 Mass. 181, it appeared that there were two corporations of the name of the plaintiff, and that judgment was obtained against one of them. The defendant levied the execution on the wrong corporation. It was held that his ignorance did not excuse him and that he was liable in trespass.
That case appears to have been cited in the Massachusetts Reports only once. In O’Shaughnessy v. Baxter, 121 Mass. 515, at 516, which was an action against an officer for arresting the plaintiff on execution, Chief Justice Gray said of Hallowell & Augusta Bank v. Howard,
*9 “The difficulty in such cases is, to ascertain whether the judgment was or was not, in fact, rendered against the person who is taken in execution, for if it was, although the person was mistaken, yet the officer would be justified.”
In O’Shaughnessy v. Baxter, the plaintiff was not the maker of the note sued on but he was the person served. The officer knew that he was not the maker of the note, but he also knew that the plaintiff had been served with process. He was protected by his process. In all adjudicated cases in Massachusetts, which have come to our notice, with the exception of Hallowell & Augusta Bank v. Howard, where there have been proceedings upon execution, it has appeared as a fact, that the person proceeded against was served with process in the original action. The question of identity has not been in issue, but only the question of name, or that of the regularity of the process, Smith v. Bowker, 1 Mass. 76, at 79; Wilmarth v. Burt, 7 Metc. 257, at 258, 261; Trull v. Howland, 10 Cush. 109, at 112, 114; O’Shaughnessy v. Baxter, 121 Mass. 515, at 516.
In the case at bar there was evidence that the defendant knew that the plaintiff was not served with process in the original action. The judge found expressly that the defendant had reasonable grounds to know that Sebastian was the actual defendant and the one ‘ ‘ against whom it was intended judgment should be rendered.” The judge found further that an injustice had been done the plaintiff but that he has no redress as matter of law because the defendant is protected by the process in his hands. We do not believe that such process authorized him to serve upon the property of one as to whom the judgment upon which the execution was based was a nullity, and who was not the party against whom the judgment was rendered.
*10 The plaintiff’s second request was that,
“Upon all the law the court should find for the plaintiff.”
Under the earlier rules such a request required specifications, District Court Rules (1922 Ed.), Rule XXVIII, but under the present rules, District Court Rules, (1932 Ed.), Rule XXVII specifications are not necessary. Upon the principle laid down in Proctor v. Dillon, 235 Mass. 538, at 540, the denial of this request was prejudicial error. It was also prejudicial error to deny the plaintiff’s fourth, fifth and sixth requests.
The finding for the defendant is to be vacated and the case is to stand for a new trial.