Argued 7 February, decided 10 April, 1905.

## MOORE MFG. CO. *v.* BILLINGS.

80 Pac. 422.

ATTACHMENT LIEN—NEED OF ORDER OF SALE—WAIVER.

1. To preserve and continue an attachment lien the judgment order must direct the sale of the property siezed, and the entry in an attachment action of a simple money judgment operates as a waiver of the lien.

LIEN ACQUIRED BY CREDITORS' SUIT AFTER BANKRUPTCY.

2. A creditors' bill instituted subsequent to an adjudication of bankruptcy does not create a lien on the property sought to be reached.

WHO MAY SUE TO AVOID FRAUDULENT TRANSFER BY BANKRUPT.

3. Under Bankr. Act July 1, 1898, § 70, authorizing the trustee to avoid any transfer of property made by the bankrupt which any creditor might have avoided and to recover the property from the person having it in his possession, the trustee alone, to the exclusion of creditors who have no special lien on the property, can maintain a creditors' bill to set aside a fraudulent transfer of property by the bankrupt.

From Multnomah: MELVIN C. GEORGE, Judge.

Statement by MR. CHIEF JUSTICE WOLVERTON.

This is a creditors' suit by the Moore, Schafer Shoe Mfg. Co. against Moses Billings and others, by which it is sought to set aside a certain chattel mortgage and sale made thereunder of a stock of merchandise, because in alleged contravention of the statute relating to the sale and transfer of goods in bulk, and as fraudulent and void as to the creditors of the defendant Billings. The succession of events leading up to the institution of the suit are, in brief, as follows: The plaintiff is a creditor of Billings.

On December 23, 1902, the latter executed to the defendant Andrew a chattel mortgage, whereby he sold, transferred, and delivered into the possession of Andrew his entire stock of merchandise, consisting of boots, shoes, slippers, etc. Thereafter Andrew exercised exclusive rights of ownership over the property until January 12, 1903, when he sold and transferred it to the defendant the Goddard-Kelly Shoe Co. Within the same month plaintiff commenced an action in the circuit court for Multnomah County, and recovered a judgment upon its demand against Billings. About a year later, to wit, in January, 1904, plaintiff caused execution to issue upon the judgment, and a writ of garnishment to be served upon the Goddard-Kelly Shoe Co., which answered that it had no property in its hands belonging to Billings, whereupon, on March 2, 1904, the sheriff made a nulla bona return of the execution. Some time in February, 1904, Billings was, upon his own petition, adjudged a bankrupt. This suit was commenced March 8, 1904. The complaint sets out the current of facts thus recounted, with apt allegations charging that the chattel mortgage executed by the parties concerned, the delivery of the merchandise into the hands of Andrew, and the sale and delivery of possession subsequently by him to the Goddard-Kelly Shoe Co. were in reality means adopted by which to effectuate a sale of the goods in bulk to the shoe company; that such sale was consummated and the purchase price paid by the vendee without requiring five days' previous written statement under oath from the vendor containing the names and addresses of all his creditors, and without giving to such creditors notice as is prescribed by Sections 4623 and 4624, B. & C. Comp., relating to the purchase, sale, and transfer of goods in bulk, and was otherwise made and entered into by the parties concerned with the purpose and intent of defrauding the creditors of Billings; by reason whereof the said sale is void and ineffectual as against the demand of plaintiff. It is further alleged that the plaintiff caused to be issued in the action against Billings a writ of attachment, and the same to be levied upon the goods which were the subject of the sale. The court, however, did not direct a sale of the property, but rendered a simple money judgment only. Demurrers

were interposed to the complaint by defendants, and, being sustained, the suit was dismissed, and plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Emmons & Emmons* and *C. A. Sehlbrede,* with an oral argument by *Mr. William Henry Fowler.*

For respondents there was a brief over the names of *William D. Fenton* and *Arthur C. Spencer,* with an oral argument by *Mr. A. C. Spencer* and *Mr. Rufus Albertus Leiter.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

1. The question for our determination is whether, under the complaint, the plaintiff is in a position to maintain a suit against the defendants.   Preliminarily it must be observed that the plaintiff has no lien on the goods by virtue of the alleged levy of the writ of attachment issued in the action instituted against Billings and recovered on its demand.   There was no order entered adjudging the property to be sold at the time of the rendition of the judgment in the action.   This was tantamount to a waiver of the attachment lien if one was legally and regularly obtained, and a liberation of the goods from the effect of such levy.   The principle was recognized in *Bremer* v. *Fleckenstein,* 9 Or. 266.

2. Nor did the plaintiff acquire a lien upon the goods by reason of the institution of the present proceeding, treating the complaint as a creditors' bill, which it really is, because it was commenced subsequent to the date when the defendant Billings was adjudged a bankrupt, and there was no lis pendens as it respects that adjudication.   So that the plaintiff is proceeding here as if it had instituted the suit simply against the alleged fraudulent debtor and his vendees, after the debtor had been adjudged a bankrupt, and, we may well assume, while the bankruptcy proceedings were still pending, being so soon after the adjudication.   Section 70, Bankr. Act July 1, 1898, c. 541 (30 Stat. U. S. 544, 565, U. S. Comp. St. 1901, p. 3451, 1 Fed. Stat. Ann. 525, 697), provides that the trustee of an estate of a bankrupt upon his appointment and qualification shall be in-

vested by operation of law with the title of the bankrupt as of the date he was so adjudged, except as it relates to property exempt from execution; and, further, that he may avoid any transfer by the bankrupt of his property which any creditor of his might have avoided, and may recover the property so transferred, or its value, from the person having it in his possession, unless he was a bona fide purchaser for value prior to the date of the adjudication. This statute has been construed in accordance with its plain reading, and under it a trustee may maintain a suit to recover property transferred in fraud of creditors whenever the creditor could have prosecuted it had it not been for the adjudication in bankruptcy: *Andrews* v. *Mather,* 134 Ala. 358 (32 South. 738) ; *In the Matter of Gray,* 47 App. Div. 554 (62 N. Y. Supp. 618) ; *Norcross* v. *Nathan* (D. C.), 99 Fed. 414; *In re Rodgers,* 125 Fed. 169 (60 C. C. A. 567). Not only is this true as a legal principle, but the trustee alone can sue to the exclusion of the creditors: Black, Bankruptcy, 266; *Leseure* v. *Weaver,* 108 Ill. App. 616; *Glenny* v. *Langdon,* 98 U. S. 20 (25 L. Ed. 43) ; *Trimble* v. *Woodhead.* 102 U. S. 647 (26 L. Ed. 290) ; *Moyer* v. *Dewey,* 103 U. S. 301 (26 L. Ed. 394) ; *In re Adams,* 1 Am. Bankr. Rep. 94. This court has held that the trustee is the only person who can sue to recover upon stock subscriptions from the stockholders of an Oregon corporation: *Falco* v. *Kaupisch Creamery Co.* 42 Or. 422 (70 Pac. 286). And, while it does not go to the extent of the case under consideration, it is very persuasive in support of the limitation of the right to prosecute a creditors' bill to the trustee alone.

The principle underlying the rule is, as it was under the law of 1867, that "the filing of the petition (in bankruptcy) is a caveat to all the world, and in fact an attachment and injunction," and on adjudication the title of the bankrupt becomes vested in the trustee: *Mueller* v. *Nugent,* 184 U. S. 1 (22 Sup. Ct. 269, 46 L. Ed. 405). In other words, the procedure operates to place the property in custodia legis, and the trustee, being the arm of the court, is the law's proper custodian. While the property may not, in fact, have passed into the present possession of that officer as in the case at bar, where it has been trans-

ferred by the bankrupt in fraud of creditors, yet the law has given him plenary power and authority to possess himself of it. He has both title and right of possession. When he sues to recover it, he acts in the right of all the creditors, because he must distribute the proceeds equally among all, unless there be a preference by way of lien previously acquired. The creditor before him, or any number less than all, might have disincumbered the property of the fraudulent conveyance, but they would have been rewarded for their diligence to the exclusion of those not participating in the litigation, and, if now permitted to sue, their legal rights would be in contravention of the rights of the trustee. His right of recovery and theirs could not, therefore, be exercised at the same time. But it is the purpose of the law to secure to all the creditors a just and equal division and distribution of the property of the bankrupt. This purpose, conjoined with the idea of the investment of the trustee with the title and right of possession, renders the intendment clear that he alone can sue to possess himself of the property, or to recover it where transferred in fraud of creditors. His authority, therefore, to sue in the right of the creditors is paramount and necessarily exclusive of their right to prosecute a creditors' bill. The authorities of the appellant, cited in disparagement of this position, are all where the creditor has acquired some lien, either by express agreement, by attachment, previous judgment, or by the institution of a creditors' suit, whereby the plaintiff acquires a legal status and a better right to the property or funds than other creditors. We cite the following: *National Bank of the Repub.* v. *Hobbs* (C. C.), 118 Fed. 626 (9 Am. Bankr. Rep. 190) ; *Pickens* v. *Dent,* 187 U. S. 177 (23 Sup. Ct. 78, 47 L. Ed. 128, 9 Am. Bankr. Rep. 47) ; *Ninth Nat. Bank* v. *Moses,* 80 N. Y. Supp. 617 (11 Am. Bankr. Rep. 772), this latter case having been decided by the New York Supreme Court. These can have no application under the facts which characterize the case at bar.

The demurrer being properly sustained, the decree of the circuit court will be affirmed, and it is so ordered.      AFFIRMED.