Argued October 10, decided October 21, rehearing denied December 30, 1913.

# MERTENS *v.* NORTHERN STATE BANK.

### (135 Pac. 885.)

**Vendor and Purchaser—Bona Fide Purchaser—Failure to Record Deed.**

1. Under the direct provisions of Section 7129, L. O. L., a grantee must record his deed within five days from its execution or it will be void as against any subsequent purchaser in good faith for a valuable consideration, whose conveyance is first recorded.

**Attachment—Priority Over Unrecorded Deed.**

2. Under the direct provisions of Sections 301, 302, L. O. L., the plaintiff, from the time of an attachment on realty until it is discharged, or the writ executed, is as against third persons deemed a purchaser in good faith and for a valuable consideration; if the certificate is duly made and filed as required, and so his rights under the attachment will prevail as against an unrecorded deed of which he has no notice.

**Process—Constructive Service—Strict Compliance.**

3. The acquisition of jurisdiction over nonresidents by publication of summons or personal service out of the state being unknown to the common law and prescribed only by statute, a strict compliance with the statute is necessary.

**Judgment—Process to Sustain—Jurisdiction—Property of Nonresident.**

4. The property of a nonresident can be reached and applied to the satisfaction of his debts only by proceedings substantially *in rem.*

**Judgment—Validity—Judgments Against Nonresidents.**

5. When a nonresident defendant is served by constructive service, a judgment against him is void, unless property owned by him in the state has been attached.

**Attachment—Proceedings—Waiver.**

6. As Section 308, L. O. L., provides that, in case judgment is recovered for plaintiff, the court shall order and adjudge the attached property sold to satisfy plaintiff's demands, the failure of the court in entering judgment to direct a sale of the attached property is a waiver and discharge of the attachment lien, and hence, in an action against a nonresident begun by attachment and constructive service, a judgment is void where the court did not direct a sale of the attached property; the failure waiving the attachment lien and rendering the judgment merely one *in personam.*

   [As to judgments depending for their validity upon attachments, see note in 76 Am. St. Rep. 800.]

From Josephine: FRANK M. CALKINS, Judge.

This is a suit by Carrie P. Oistad Mertens against the Northern State Bank to quiet title. The facts are fully set out in the opinion of the court by Mr. Justice RAMSEY.                                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. William C. Hale.*

For respondent there was a brief and an oral argument by *Mr. H. D. Norton.*

Department 1.   MR. JUSTICE RAMSEY delivered the opinion of the court.

This is a suit in equity to determine an adverse claim to the following described real property: The north half of the southeast quarter, the southwest quarter of the southeast quarter, and the southeast quarter of the southwest quarter of section 30, and the southwest quarter of section 34, all being in township 39 south, range 6 west, of the Willamette meridian in Josephine County, State of Oregon. The complaint is in the usual form.

The answer denies that the plaintiff is the owner of any part of the southwest quarter of section 34 in township 39 south, range 6 west of the Willamette meridian, and admits that the defendant claims to own said premises and asserts that its claims thereto are not without foundation.

The defendant by its answer expressly disclaims any title or claim or interest in or to the north half of the southeast quarter, the southwest quarter of the southeast quarter, and the southeast quarter of the southwest quarter of said section 30 in township 39 south, range 6 west of the Willamette meridian, and

alleges that it never at any time or in any manner asserted any claim or title to any part thereof.

Hence the question for decision is whether the plaintiff or the defendant owns in fee the southwest quarter of section 34, township 39 south, range 6 west of the Willamette meridian in Josephine County, State of Oregon. Both claim title thereto, and both claim title to said quarter section of land through Iver Arntsen and Dorthea Arntsen.

The evidence shows that on April 26, 1905, Iver Arntsen and his wife, Dorthea Arntsen, by proper deed of conveyance, for the consideration of $1,600, paid them by the plaintiff, sold and conveyed to the plaintiff and her heirs the following described real property: The north half of the southeast quarter, the southwest quarter of the southeast quarter, and the southeast quarter of the southwest quarter of section 30, and also the southwest quarter of section 34, all in township 39 south, range 6 west of the Willamette meridian in Josephine County, State of Oregon. This deed was not recorded until October 20, 1905.

On the twenty-first day of February, 1910, said Arntsen and his wife made another deed purporting to convey said premises to the plaintiff. This was a warranty deed.

The deed of conveyance first above referred to vested in the plaintiff the title in fee simple to the real property therein described, unless the execution sale, hereinafter referred to, conveyed some or all of said real premises to the defendant.

On July 24, 1905, the defendant herein, as plaintiff, began an action at law against Iver Arntsen and Dorthea Arntsen in the Circuit Court of Josephine County, State of Oregon, to recover upon a judgment obtained in the State of Wisconsin the sum of $805 and costs thereon amounting in all to $831.45. The defendants in that action were residents and inhabit-

ants of the State of Wisconsin, and they could not be served with process in this state, excepting by publication. The plaintiff in that action obtained an order for the service of the summons by publication and afterward had the summons personally served on the defendant in the State of Wisconsin. The plaintiff in said action on July 25, 1905, caused a writ of attachment to be issued therein out of the Circuit Court of Josephine County, and the sheriff by virtue of said writ, on said 25th day of July, 1905, attached, as the property of the defendants in said action the following described real property: The southwest quarter of section 34 in township 39 south, range 6 west, and the north half of the southeast quarter, and the southwest quarter of the southeast quarter, and the southeast quarter of the southwest quarter of section 30, all in township 39 south, range 6 west of the Willamette meridian. The sheriff made and filed a proper certificate showing said attachment, and this certificate was recorded in the proper record on July 25, 1905. He also made due return of his doings upon said writ.

On September 30, 1905, the Circuit Court of Josephine County entered the defaults of the defendants in said action and gave and entered against them, and in favor of the plaintiff in said action, the Northern State Bank, a judgment, for want of an answer, for said sum of $831.45 and costs; but said judgment makes no mention of said attachment of said real property, *and said court did not at that time or at any time make or enter any order for the sale of said attached property.* Said judgment is, in all respects, a judgment *in personam* against said Iver Arntsen and Dorthea Arntsen for said money. The evidence shows that the entry for said judgment was prepared by the attorney for the plaintiff therein, and that it was entered as he wrote it, and that he overlooked the necessity for an order for the sale of the attached

property. The court's docket fails to show that any such order was made by the court.

On November 8, 1905, the clerk of the Circuit Court of Josephine County issued a writ of execution upon said judgment and in accordance with its terms, and this writ commanded the sheriff of said county *that out of the personal property* of said defendants, *or, if sufficient could not be found, then out of the real property* belonging to said defendants in his county *on or after the twenty-ninth day of September, 1908,* to satisfy said sum of $831.45 then due on said judgment, with costs, etc. By virtue of said writ of execution, the sheriff, as shown by his return upon said writ, levied upon the southwest quarter of section 34, in township 39 south, range 6 west of the Willamette meridian in Josephine County, State of Oregon, and he returns that, after giving notice thereof, he sold to the plaintiff in said writ (said bank) the property above described for $831.36, and he returned said writ fully satisfied. His return does not show that he levied upon or sold any property other than said southwest quarter of section 34 in township 39 south, range 6 west, but his notice of sale included all the property described in the complaint in this suit.

On January 19, 1906, the Circuit Court of Josephine County confirmed the sale of said southwest quarter of section 34 in township 39 south, range 6 west of the Willamette meridian, made as aforesaid, but no other real property was mentioned in said order of confirmation.

On January 22, 1907, the sheriff of Josephine County made a deed to the plaintiff in said action and defendant in this suit purporting to convey to it by virtue of the execution sale, made as aforesaid, said southwest quarter of said section 34 in township 39 south, range 6 west of the Willamette meridian in said county and state. After said judgment and con-

firmation of sale were entered, the Circuit Court of
Josephine County made an order setting all of said
proceedings aside on the ground that said judgment
and all subsequent proceedings therein were void be-
cause, as that court held, it had no jurisdiction to
render said judgment.

1. When a person obtains a deed conveying to him
real property, he is required to have it recorded.
When the deed was made to the plaintiff as stated,
*supra,* the grantee was required to have it recorded
within five days from the date of its execution or it
would be void as against any subsequent purchaser in
good faith for a valuable consideration whose con-
veyance should be first duly recorded: Section 7129,
L. O. L.

2. From the date of an attachment until it is dis-
charged or the writ executed, the plaintiff, as against
third persons, is deemed a purchaser in good faith and
for a valuable consideration of the real property
attached, if the certificate of attachment is made and
filed as required by law: Sections 301, 302, L. O. L.
Such attachment will prevail over a deed, which has
not been recorded as required by law, if the attaching
creditor or the purchaser had no notice of the un-
recorded deed: *Boehreinger* v. *Creighton,* 10 Or. 42;
*Riddle* v. *Miller,* 19 Or. 468 (23 Pac. 807); *Trust Co.*
v. *Loewenberg,* 38 Or. 170 (62 Pac. 647). The deed
made by Iver Arntsen and wife to the plaintiff was
made on April 26, 1905, but it was not recorded until
October 20, 1905.

On July 25, 1905, the property in dispute was at-
tached, and the evidence shows that the plaintiff in
the attachment action had no notice of said unrecorded
deed until after said property was attached. If the
proceedings in the attachment action had been regular,
the purchaser at the execution sale would have had a
better title than the plaintiff in this suit, who failed to

have her deed of conveyance recorded until after said property had been attached.

In the action at law referred to, *supra,* the defendants were nonresidents of Oregon. They resided in Wisconsin. The record in that case showed that fact. The process was served on them in Wisconsin. They never appeared in that action in any manner until they filed a motion to set aside the judgment and the order confirming the sale.

3. The acquisition of jurisdiction over nonresidents of the state by publication of summons or by personal service outside the state is a mode of procedure not according to the course of the common law, and the method of acquiring such jurisdiction, prescribed by statute, must be strictly followed or no jurisdiction will be obtained: *Odell* v. *Campbell,* 9 Or. 298; *Northcut* v. *Lemery,* 8 Or. 316; 2 Freeman, Judgments (4 ed.), § 567; *Pennoyer* v. *Neff,* 95 U. S. 714 (24 L. Ed. 565); *Willamette R. E. Co.* v. *Hendrix,* 28 Or. 485 (42 Pac. 514, 52 Am. St. Rep. 800).

4. When nonresidents have property in the state, it can be reached and applied to the satisfaction of their debts only by proceedings which are substantially *in rem:* 2 Freeman, Judgments, § 568; *Pennoyer* v. *Neff,* 95 U. S. 714 (24 L. Ed. 565).

5. When the defendant is a nonresident and is served by publication or personally served in another state, a judgment against him is void unless it is shown that property owned by him in the state has been attached: *Cooper* v. *Reynolds,* 10 Wall. 308 (19 L. Ed. 931); *Willamette Real Estate Co.* v. *Hendrix,* 28 Or. 494, 495 (42 Pac. 514, 52 Am. St. Rep. 800); *Katz* v. *Obenchain,* 48 Or. 355 (85 Pac. 617, 120 Am. St. Rep. 821); *Pennoyer* v. *Neff,* 95 U. S. 714 (24 L. Ed. 565).

6. In the action at law referred to, *supra,* property of the defendants was attached, but the judgment

entered does not mention it, and no order of ·sale of the attached property was made or entered. The judgment is wholly *in personam,* and the writ of execution was a *general* one and did not refer to any attached property or mention the attachment.

In *Katz* v. *Obenchain,* 48 Or. 355 (85 Pac. 617, 120 Am. St. Rep. 821), Justice BEAN says: ''The proceeding by attachment is therefore in the nature of a proceeding *in rem.* It is against particular property. The attaching creditor thereby acquires a specific lien upon the attached property which ripens into a judgment. against the *res when the order of sale is made.* Such a proceeding is in effect a finding that the property attached is an indebted thing and a virtual condemnation of it to pay the owner's debt.''

In *Cooper* v. *Reynolds,* 10 Wall. 308 (19 L. Ed. 931), Justice MILLER says: ''That such is the nature of this proceeding in this latter class of cases is clearly· evidenced by two well-established propositions: First, the judgment of the court, though in form a personal judgment against the defendant, has no effect beyond the property attached in that suit. *No general execution can be issued for any balance unpaid after the attached property is exhausted.* No suit can be maintained on such a judgment in the same court or in any other; nor can it be used as evidence in any other proceeding not affecting the attached property; nor could the costs in that proceeding be collected of the defendant out of any other property than that attached in the suit. Second, the court, in such a suit, cannot proceed unless the officer finds some property of defendant on which to levy the writ of attachment.''

When property has been attached, if judgment in the action is recovered by the plaintiff, the court *must* order and adjudge that the property attached be sold to satisfy the plaintiff's demand: Section 308, L. O. L.; *Bremer & Co.* v. *Fleckenstein,* 9 Or. 271; *Moore Mfg.*

*Co.* v. *Billings,* 46 Or. 403 (80 Pac. 422); *Wasson* v. *Cone,* 86 Ill. 46; *Staunton* v. *Harris,* 9 Heisk. (56 Tenn.) 579; *Hillman Bros.* v. *Werner,* 9 Heisk. (56 Tenn.) 586.

When property is attached and the court, in entering judgment for the plaintiff, fails to enter an order for the sale of the attached property, the failure to make such order operates as a waiver and discharge of the attachment lien.

In *Bremer & Co.* v. *Fleckenstein,* 9 Or. 271, this court says: "The order of sale must be made as to such property [property attached] when judgment is given or it will be discharged from the attachment and liberated from the attachment lien."

In *Moore Mfg. Co.* v. *Billings,* 46 Or. 403 (80 Pac. 422), this court says: "Preliminarily it must be observed that the plaintiff has no lien on the goods by virtue of the alleged levy of the writ of attachment in the action instituted against Billings and recovered on its demand.  There was no order entered adjudging the property to be sold at the time of the rendition of the judgment in the action.  *This was tantamount to a waiver of the attachment lien,* if one was legally and regularly obtained, *and a liberation of the goods from the effect of such levy.*"

In *Wasson* v. *Cone,* 86 Ill. 46, the Supreme Court of Illinois says: "When the court failed to order the sale of the property seized under the writ [of attachment], it operated as a dismissal of the attachment. It operated to release the property from the levy, under the writ of attachment, and the judgment was only personal against the defendant. to be enforced precisely as though there had been no attachment sued on and levied."

In *Staunton* v. *Harris,* 9 Heisk. (56 Tenn.) 579, the syllabus says: "To perfect a lien created by the levy of an attachment, the judgment must contain an order

of condemnation and must be certain and specific, so describing the property that a *venditioni exponas* may issue, deriving its direction and authority exclusively from it.''

The cases cited above show that, in order to preserve and perfect an attachment lien, the court, in granting judgment to the plaintiff, must enter an order adjudging that the attached property be sold and that the proceeds of such sale be applied toward the satisfaction of the judgment, and that, if the court fails to make an order of sale, such failure operates as a waiver of the attachment lien and releases the attached property therefrom.

In the action in which the property described in the complaint was attached, as stated, *supra,* the court, in entering judgment for plaintiff, failed to make or enter an order for the sale of the attached property, and hence the attached property was by such omission released from the attachment lien. The writ of execution in that case, by virtue of which the sheriff attempted to sell said property, was a *general* one against his personal and real property in Josephine County.

As shown, *supra,* when a nonresident is sued for the collection of a debt and process is served upon him by publication or personally in another state, the court cannot render a valid judgment that is *in personam* only, and, if no property is attached, a judgment under such conditions is void.

In the action referred to, where the property in dispute was attached, as stated, *supra,* the service was made in another state, after an order for publication of the summons was obtained, and when the judgment was granted it was *in personam* only, and the court omitted to enter an order for the sale of the property, and hence said property was, by such failure to make and enter an order for its sale, released from said

attachment lien.   The judgment entered in said action was void, and all proceedings thereunder, including the attempted sale of said property to the defendant in this suit, were a nullity.   When the court omitted to make the order of sale, the attached property was released, and the effect on the jurisdiction was the same as if no property had been attached.

We find from the evidence that the plaintiff is the owner in fee simple of the real property described in the complaint and in the possession thereof, and that the defendant has no interest in any part of said premises, and that the plaintiff has a right to have her title to said premises quieted.   We approve the findings of fact and conclusions of law made and filed in the court herein.

The decree of the court below is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.