Argued at Pendleton November 1, modified November 29, 1927, rehearing denied January 17, 1928.

## HENRY T. HILL v. E. O. WILSON.

(261 Pac. 422.)

**Limitation of Actions—Plea Setting Up Six-year Statute of Limitations must Allege Elapse of Such Time Between Transaction Sued on and Commencement of Action.**

1. Allegation in answer that more than six years had elapsed since alleged transaction set forth in amended complaint, *held* insufficient to plead statute of limitations for failure to allege that such time elapsed between such transactions and commencement of action.

**Limitation of Actions—Limitations is not Defense to Sixth Amended Complaint Substantially Same as Third Amended Complaint Filed Within Time.**

2. Where filing of third amended complaint was not barred by limitation, statute cannot be defense to sixth amended complaint, which was substantially the same as third, since action on sixth amended complaint was begun when third amended complaint was filed.

**Work and Labor—Contract Fixing Value is Competent to Prove Reasonable Value of Services Under Complaint Based on Reasonable Value Thereof.**

3. Instruction that, where services have been rendered, and complaint is based on reasonable value thereof, evidence of contract fixing value is competent to prove reasonable value of such services, *held* to correctly state law.

---

2.  See 18 R. C. L. 815.
3.  See 28 R. C. L. 691.

**Trial—Five Instructions Referring to Five Disconnected Items Sued on, Informing Jury Plaintiff Could Recover if Services Alleged were Performed, Held not Erroneous as Stressing Evidence.**

4. In action for services rendered, in which complaint was based on five different disconnected items, five similar instructions referring to such items informing jury that plaintiff could recover reasonable value, if such services were rendered, *held* not erroneous as stressing evidence, especially where special verdict was requested fixing value of each item.

**Interest—Plaintiff may Recover Interest on Recovery for Reasonable Value of Services Rendered from Date They were Rendered (Or. L., § 7988).**

5. In action for reasonable value of services rendered, instruction that, if plaintiff was entitled to recover he could recover interest from date services were rendered, *held* proper, since pay was due when services were rendered, and money bears interest from time it is due under Section 7988, Or. L.

**Trial—Court Need not Give Requested Instructions Which were Antitheses of Instructions Given.**

6. Refusal of requested instructions which were antitheses of instructions given *held* not error.

**Attachment—Where Evidence was Same at First and Second Trials, There was No Change of Cause of Action Releasing Surety from Liability on Dissolution Bond, Securing Release of Attached Property (Or. L., § 311).**

7. In action for reasonable value of services rendered, in which evidence at second trial was same as at first trial, there was no real change of cause of action which would release guaranty company from liability on dissolution bond, given under Section 311, Or. L., which secured release of attached property of defendant.

**Attachment—That No Judgment was Taken Against Surety on Dissolution Bond Given to Secure Release of Attached Property Did not Discharge Surety (Or. L., §§ 308, 311).**

8. That no judgment was taken against surety on dissolution bond given, under Section 311, Or. L., to secure release of attached property of defendant in action for reasonable value of services rendered, does not operate to discharge surety, so that in second trial court properly entered judgment against such surety, under Section 308.

**Attachment—Failure to Take Order for Sale of Attached Property Operates as Waiver of Lien (Or. L., § 308).**

9. Failure to take order for sale of attached property operates as waiver of attachment lien under Section 308, Or. L.

**Attachment—Dissolution Bond Discharges Attachment Lien (Or. L., § 311).**

10. Dissolution bond, given under Section 311, Or. L., discharges attachment lien.

Appeal and Error—Where Jury Found for Defendant on Certain Claim, Refusal of Defendant's Requested Instruction as to Such Claim Held not Prejudicial.

11. Where jury found nothing for plaintiff for alleged services rendered by plaintiff for defendant in certain litigation, refusal to give instruction that such services were contrary to public policy *held* not prejudicial.

Trial—Allowance of Interest by Court, Notwithstanding That Verdict Did not Expressly Allow It, Held Error, in Action for Services Rendered Where Jury was Instructed to Allow Interest.

12. In action for services rendered, in which jury was instructed to allow interest if it found in favor of plaintiff, allowance of interest by court, notwithstanding that verdict did not expressly allow it as such, *held* error; it being presumed that jury heeded instruction to allow interest and included it in amounts allowed.

Trial—Court can Add Interest to Verdict of Jury Only in Clear Cases.

13. Court can add interest to verdict of jury only where there is no room for reason to doubt that interest should be allowed on amount found in verdict.

---

Appeal and Error, 4 **C. J.**, p. 771, n. 76, p. 1051, n. 1.
Attachment, 6 **C. J.**, p. 336, n. 75, p. 340, n. 6.
Brokers, 9 **C. J.**, p. 653, n. 36, p. 661, n. 69, p. 662, n. 73, p. 663, n. 79.
Interest, 33 **C. J.**, p. 230, n. 2.
Limitations of Actions, 37 **C. J.**, p. 1074, n. 30, p. 1076, n. 48.
Trial, 38 **Cyc.**, p. 1600, n. 51, p. 1678, n. 78, p. 1774, n. 44.
Work and Labor, 40 **Cyc.**, p. 2849, n. 16.

From Union: J. W. KNOWLES, Judge.

In Banc.

This is the third appeal. The opinion on the first appeal is reported in 108 Or. 621 (216 Pac. 751). The opinion in the second appeal is in 119 Or. 636 (250 Pac. 840). The second appeal has no bearing on the instant appeal. The opinion on the first appeal held in effect that the first cause of action in plaintiff's second amended complaint, on which the trial was conducted in the Circuit Court, was based on a broker's compensation for sale of real property. For other details reference is made to the first opinion in this

case. In addition to the defense in the first trial defendant pleaded the statute of limitations in the second trial from which this appeal was taken. More than six years expired after the rendition of the services by plaintiff and the filing of the sixth amended complaint on which the trial was conducted in the Circuit Court. In the first trial plaintiff was awarded judgment for $3,500. In the last trial the judgment was for $2,500 only. After this cause was remanded on the first appeal, to wit, January 10, 1924, plaintiff filed a third amended complaint. The sixth amended complaint on which the second trial was conducted was filed February 17, 1925. The third and sixth complaints are very similar.

After the filing of the original complaint plaintiff sued out a writ of attachment. Certain property belonging to defendant Wilson was seized. Thereafter he gave a dissolution undertaking with his codefendant, U. S. Fidelity & Guaranty Co., as surety. Thereupon the attached property was released and the attachment lien dissolved. The judgment entered on the verdict at the first trial omitted defendant Fidelity & Guaranty Co. No order was taken to sell the attached property. It is now claimed by the defendant Fidelity & Guaranty Co. that plaintiff thereby waived its attachment lien and right to judgment against the defendant Fidelity & Guaranty Co. It is also claimed that the sixth amended complaint upon which the case was tried and judgment rendered against it is a departure from the original complaint, and because of that departure it is not liable. Defendants appeal assigning twenty different alleged errors. These will be considered together.

MODIFIED. REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. Cochran & Eberhard,* with an oral argument by *Mr. Colon R. Eberhard.*

For respondent there was a brief over the name of *Messrs. Green & Hess,* with an oral argument by *Mr. R. J. Green* and *Mr. Eugene Ashwell.*

COSHOW, J.—1, 2. The first, second, twelfth, eighteenth and nineteenth assignments of error are predicated upon the plea of the statute of limitations constituting defendant's first, further and separate answer. The contention of defendant is that since the services for which plaintiff claims compensation were rendered in 1918 and the sixth amended complaint upon which the action was tried was filed in 1925 the statute of limitations had expired. Defendant alleged in his first, further and separate answer: "that more than six years have elapsed and passed since the alleged transactions set forth in plaintiff's amended complaint * * ." The plea is not sufficient. Six years might have elapsed since the services were rendered and the answer was filed but not between the rendering of the services and the commencement of the action. Defendant contends that the sixth amended complaint is a departure from the second amended complaint upon which the former trial was based, and for that reason the statute continued to run until the sixth amended complaint was filed, but the answer does not allege that six years had expired between the time the services were rendered and the filing of the sixth amended complaint. It also appears in the evidence that the third amended complaint was filed January 10, 1924. The third amended complaint was filed for the purpose

of meeting the objection to the second amended complaint. The third amended complaint was substantially the same as the sixth amended complaint. Conceding, without deciding, that the sixth amended complaint is a departure from the second amended complaint and that a different cause of action is stated in the sixth amended complaint from that alleged in the second amended complaint, still the action on the sixth amended complaint was begun when the third amended complaint was filed. Without doubt the last mentioned amended complaint was filed within the six-year period. For that reason the statute of limitations is not a defense. The court properly denied the motion for judgment by nonsuit and for a directed verdict. The court properly instructed the jury that the statute of limitations was not a defense and properly refused to give the two instructions bearing on that subject requested by the defendant.

3. Defendant claims that plaintiff's complaint is based upon a *quantum meruit* and that the proof showed a contract for a specific amount for said services. Defendant claims that instruction No. 1 given by the court was erroneous because it instructed the jury that where the services had been rendered and the complaint is based upon the reasonable value thereof evidence of a contract fixing the value is competent to prove the reasonable value of such services. This instruction correctly stated the law: *Inland Construction Co.* v. *Pendleton,* 116 Or. 668, 674 (242 Pac. 842); *West* v. *Eley,* 39 Or. 461 (65 Pac. 798).

Defendant complains of instruction No. 2 on the ground that it is not within the issues joined by the pleadings. It is within the evidence, however, and is closely related to the controversy between the

parties as framed by the pleadings. The instruction properly states the law and was not prejudicial to defendant. It was not error to give the instruction.

Instruction No. 3 was also properly given. There was evidence based upon the complaint that plaintiff had loaned to defendant Wilson and expended at his request money which amounted to $1,568.35. That loan is the basis for plaintiff's second cause of action.

4. Instructions 4 to 8, inclusive, are complained of by defendant on the ground that the court was placing special stress upon the evidence regarding the services rendered. The complaint is based upon five different items disconnected. Instructions No. 4 to 8, inclusive, informed the jury that if it found from the evidence that these services were rendered at defendant Wilson's request plaintiff was entitled to recover from defendant the reasonable value thereof. These five instructions complained of are similar. The only difference is the particular item mentioned. The court did not stress the evidence but mentioned each item separately because they are so alleged in the complaint and were separated in the evidence. A special verdict was requested fixing the value of each item. This fact makes those five instructions appropriate.

5. Instruction No. 9 was to the effect that if plaintiff was entitled to recover for said services he was entitled to recover interest from the date they were rendered. The pay for said services was due when the services were rendered. Money bears interest in this state from the time it is due. The instruction was correctly given: Or. L., § 7988.

6. The requested instructions which were refused were properly refused because in the main they were the antitheses of the instructions given. It is not

necessary to further comment on the requested instructions. None of the instructions given is argumentative.

7. Defendant U. S. Fidelity & Guaranty Co. earnestly contends that it was released from liability on its dissolution bond, first because the action was changed without its consent and second because judgment was entered in the former trial without being entered against it. In our opinion the cause of action was not changed. Both plaintiff and defendant in their briefs state that the evidence was the same on the second trial as on the former trial. If the same evidence will support the sixth amended complaint which supported the second amended complaint there was no real change of the cause of action. In the former trial the evidence was held inadmissible because the complaint was based upon compensation for the sale of real property. The services, however, were the same as the services proved in the second trial. The real difference was not in the cause of action but in the statement thereof. The risk assumed by the Fidelity & Guaranty Co. was not increased or changed by the amendments.

8-10. In our opinion the fact that no judgment was taken against the said Fidelity & Guaranty Co. in the first trial does not operate to discharge the surety. The cases cited by appellants to support their position involve a redelivery bond. In the instant case the bond is a dissolution bond. It has been generally held in this state that a failure to take an order for the sale of attached property operates as a waiver of the attachment lien: *Mertens* v. *Northern State Bank,* 68 Or. 273, 280 (135 Pac. 885); Or. L., § 308. The dissolution bond given under Section 311, Or. L., itself discharges the attachment lien. As the dissolu-

tion bond was accepted by the court an order was made discharging the attachment lien. From that time on plaintiff had no attachment lien. The fact that no judgment was entered against the Fidelity & Guaranty Co. in the first trial could not operate to discharge an attachment lien because at that time no attachment lien existed. The undertaking of the Fidelity & Guaranty Co. is to pay any judgment the plaintiff recovered against the defendant Wilson. It is a voluntary undertaking on the part of both appellants to pay the judgment, and we think the court properly by virtue of said Section 308 entered judgment against the defendant Fidelity & Guaranty Co.: 6 C. J. 335, 340, §§ 693, 702.

11. One of the items in plaintiff's complaint is based on alleged services rendered by plaintiff for defendant in a litigation pending between defendant Wilson and other parties. Defendant Wilson in his second, further and separate answer alleged that the pretended services in that proceeding were for suppressing evidence and other services contrary to public policy. Defendant requested an instruction to that effect which was refused. The jury found nothing for plaintiff for said alleged services and for that reason the refusal to give the instruction was harmless.

12, 13. Defendant also complains because interest was allowed plaintiff by the court, notwithstanding the verdict did not expressly allow interest as such. The jury found a general verdict for the sum of $2,500 in favor of plaintiff and against defendant. In a special verdict it found that plaintiff was entitled to recover for his services on the separate items as follows: Securing loans $1,500; for obtaining a crop of wheat $182.60; for services in an action

wherein Wilson was plaintiff and North Powder Milling & Mercantile Co. and other defendants nothing; for money advanced for recording deeds, continuation of abstracts and other incidentals $67.40; furnishing seed wheat $750. The jury was instructed to allow interest if it found in favor of plaintiff. We are unable to determine whether or not the jury allowed interest in its verdict. The complaint alleges these services in the aggregate were reasonably worth $3,500. The complaint does not state the value of each separate item as the special verdict does. The plaintiff alleges a payment of $1,568.35, leaving a balance of $1,931.65, and prays for judgment for the latter amount. In his second cause of action he alleges the loan to defendant of $1,568.35 and also prays for that amount. The jury found plaintiff to be entitled to $2,500 for his services and against plaintiff as to the loan and disregarded the payment admitted by plaintiff. We do not understand how the learned Circuit Court could say that the jury intended that interest should be added to its specific findings. We must presume that the jury heeded the instruction to allow plaintiff interest. The amount allowed by the jury does not agree with the complaint. We think that we must assume that the jury included interest in its several amounts or what was equivalent to the interest and intended by the verdict to fully compensate plaintiff for his services. The court can add interest to the verdict of a jury only where there is no room or reason to doubt that interest should be allowed on amount found in the verdict. In case an action is based upon a specific sum and no question is made in the trial about the amount of recovery, in case recovery was had, and

the amount recovered should under the law bear interest, . leaving no doubt about plaintiff's right to interest, the court may add interest to the verdict where the jury failed to allow interest. Unless the matter is free from doubt the court is not authorized to add interest to a jury's verdict. We do not believe that the present case is one free from doubt: 27 R. C. L. 888–890, § 63; *Obermeier* v. *Mortgage Co., post,* p. 469 (259 Pac. 1064).

The judgment will be modified, therefore, by disallowing the interest and otherwise affirming it. The case is remanded to the Circuit Court with instructions to set aside the judgment entered and enter a judgment for the sum of $2,500, with interest from the date said judgment was originally entered in that court. The appellants will recover their costs on the appeal.             MODIFIED.   REHEARING DENIED.