Submitted on briefs September 13; reversed October 16, 1934

# LIBERMAN ET AL. *v.* LOW
### (36 P. (2d) 791)

*Bert C. Thomas* and *A. C. Yaden,* both of Klamath Falls, for appellants.

*T. R. Gillcnwaters* and *J. C. O'Neill,* both of Klamath Falls, for respondent.

CAMPBELL, J.   On March 2, 1931, Connolly Brothers, an Oregon corporation, were engaged in the general mercantile business in Klamath Falls. On that date, it made a general assignment for the benefit of all its creditors to the Adjustment Bureau of the Portland Association of Credit Men. On March 9, 1931, said Adjustment Bureau transferred all the property of Connolly Brothers, covered by said assignment, to G. W. Brainard as trustee for said creditors. Sometime in the latter part of March, said Brainard, in the liquidation of the business, sold and transferred to plaintiffs herein all of said property.

On March 14, 1931, the Klamath Hardware Company, an Oregon corporation, commenced an action against Connolly Brothers and others, to recover the sum of $166.51, and thereupon sued out a writ of attachment against said defendants. The writ was executed by levying on certain merchandise covered by the assignment to said Brainard. The defendants therein made default and judgment was duly entered in favor of plaintiff and against each of defendants and also against the Fidelity and Deposit Company of Maryland, but no order of sale of the attached property was entered. The judgment recites that defendants appeared and gave "bond for the release of the attached property", with the Fidelity and Deposit Company of Maryland as surety, conditioned that said surety "will pay to said plaintiff any judgment that may be rendered".

On March 16, 1931, the Pioneer Tobacco Company began an action against Connolly Brothers and others to recover judgment for the sum of $165.72, and sued out a writ of attachment. Said writ was executed by levying upon certain merchandise covered by the assignment to said Brainard. Defendants therein defaulted and judgment was entered against them for the amount prayed for in the complaint, but no order of sale of the attached property was entered.

Thereafter and on April 14, 1931, the said judgment creditors had the clerk issue writs of execution on said judgments against the property of Connolly Brothers. The sheriff executed said writs by levying on certain property in the possession of plaintiffs, which property had been transferred by said G. W. Brainard to plaintiffs by virtue of the authority of said assignment.

Thereafter, plaintiffs brought the instant action to recover possession of said property and filed an affidavit for the immediate possession thereof. Defendant moved to quash plaintiff's affidavit for the immediate possession of the property. The court allowed the motion and ordered the sheriff to summon a sheriff's jury to determine the ownership of the property levied upon under the writs of execution. Plaintiffs had filed no claim with the sheriff as being the owners of such property. The sheriff's jury returned a verdict to the effect that the Connolly Brothers were the owners of the property at the time of the levy. Thereupon, defendant filed an answer denying the plaintiff's ownership of the property, and for a further and separate answer and defense justified his possession under the writ of execution and also alleged the verdict of the sheriff's jury as a further justification.

To this answer plaintiffs filed a reply in which they denied the new matter set up in the answer and alleged the source of their title through purchase from said Brainard; that they had purchased said property and took possession thereof before any writ of execution had been issued, and alleged that they had at no time given the sheriff a notice in writing of their claim to said property; that any trial held by the sheriff's jury was on the motion of defendant and not otherwise.

The cause came on for trial before a jury and after the evidence was all submitted, both plaintiff and defendant moved for a directed verdict, plaintiff waiving all damages arising on account of the taking. Thereupon, the court directed the jury to return a general verdict for defendant and judgment was entered thereon. Plaintiffs appeal.

There were motions and demurrers filed to the complaint and to the answer but we do not deem them of sufficient importance to make them a part of the record at this time, as the case will be disposed of on other grounds.

■ An attachment lien is waived by failure of the one having the writ issued, to have an order of sale made at the time judgment is entered in the case in which the attachment is levied: Oregon Code 1930, § 4-414; *Moore Mfg. Company v. Billings,* 46 Or. 401 (80 P. 422); *Smith v. Dwight,* 80 Or. 1 (148 P. 477, 156 P. 573, Ann. Cas. 1918 D, 563); *Mertens v. Northern State Bank,* 68 Or. 273 (135 P. 885); *Hill v. Wilson,* 123 Or. 193 (261 P. 422).

Property may be discharged from attachment by the defendant giving a bond (Oregon Code 1930, § 4-416), conditioned that the sureties thereon will pay any judgment recovered by plaintiff: Id., 4-417.

Defendant levied on said property by virtue of a writ of execution against the property of Connolly Brothers, a corporation.

When personal property shall be seized on execution and any person other than defendant shall give notice in writing to the sheriff of a claim to such property, the sheriff may summon a jury to try the validity of such claim: Id., 3-301. The verdict of such jury "shall not preclude the claimant from maintaining an action at law for the recovery of the possession of such property": Id., 3-302.

██ The real question presented by the record in this case is whether the Bulk Sales law (Oregon Code 1930, § 64-101, et seq.) applies to assignment of personal property for the benefit of creditors. We have recently held that the statute of Oregon (repealed, General Laws of Oregon, 1929, Chap. 98) relating to assignments for the benefit of creditors, as an insolvency statute, had been superseded by the National Bankruptcy Act of 1898. That is, no such assignment can be made that would discharge the debtor by the payment of any less sum than the full amount of his debt, except by consent and agreement of each creditor to be affected by such discharge: *Cohn v. Duntley,* 142 Or. 186 (19 P. (2d) 87). This is not a case, on this question, of first impression in this court. In a case involving the very question whether such a sale came under the Bulk Sales law, this court said:

"The position of the plaintiff is that the goods have been all along and are now the property of Frank, the defendant; that the attempted assignment was void because it was a sale, but on reason and authority it was not a sale within the meaning of the statute because it did not attempt to divert the property from the *pro*

*rata* application of it to the payment of the defendant's debts without reserve. Such a transaction is not within the purview of the statute's condemnation. On the other hand, it ought to be upheld as one clearly within the spirit of the law, especially as against one who has confessedly sought the benefits of the transaction which she would now defeat.

"The following precedents are illustrative of the rule: McAvoy v. Jennings, 39 Wash. 109 (81 Pac. 77, 44 Wash. 79 (87 Pac. 53); Eldridge Brewing Company v. Cocheco Bottling Company, 79 N. H. 41 (104 Atl. 453); Cardiff Gypsum Plaster Company v. Hales Coal & Material Company 239 Ill. App. 16)." *Bown v. Frank et al.,* 121 Or. 482 (256 P. 190).

At the time plaintiffs became the purchasers and took possession of the personal property levied upon by defendant under the writ of execution, said property was not subject to any lien of attachment. An assignment for the benefit of creditors is an act of bankruptcy: *Pelton v. Sheridan,* 74 Or. 176 (144 P. 410). If the judgment creditors were dissatisfied with such an assignment, they could have invoked the National Bankruptcy Act.

The question of the proof of partnership of plaintiffs is raised by respondent. There is an allegation in the complaint that plaintiffs are doing business as a co-partnership. The allegation of ownership is "That plaintiffs now are, and at all times hereinafter alleged were the owners and entitled to the immediate and exclusive possession" of the property therein described. Under this allegation it would make no material difference in what capacity plaintiffs owned the property; the real question was, were they entitled to the immediate possession of the property in any capacity? The allegation of partnership may well be treated as

surplusage. Plaintiffs filed with the county clerk of Klamath county their assumed business name showing that plaintiffs were the sole and exclusive owners of the business. That certificate was introduced in evidence without objection. Such certificate, in the absence of contradictory evidence, was sufficient to establish a co-partnership.

There are some other matters raised in the briefs but are unnecessary to a correct disposition of the cause.

The circuit court should have directed a verdict for plaintiffs. The judgment is reversed and the cause remanded with instructions to enter a judgment in favor of plaintiffs. It is so ordered.