Argued June 2; affirmed June 22, 1943

## HENRY v. ALLEN ET AL.
### (138 P. (2d) 591)

Before BAILEY, Chief Justice, and BELT, KELLY, BRAND and HAY, Associate Justices.

*Elmer D. Cook,* of Salem, for appellant.

*W. C. Winslow,* of Salem, for garnishee and respondent.

KELLY, J. This is an action upon two promissory notes in which action a writ of attachment was issued and served upon Allen Fruit Company, Inc., by delivery of a notice of garnishment, to which answer was made by said Allen Fruit Company, Inc., that it was in possession of one share of its capital stock belonging to defendant; and wherein, on January 11, 1941, judgment by default was entered against defendant in which the following reference to attachments was made: "It is further ordered that the attachments heretofore issued herein be and the same is hereby preserved."

On June 17, 1941, a motion was filed by plaintiff for an order requiring Allen Fruit Company, Inc., to appear before the circuit court or judge "at a time and place therein stated to be examined on oath concerning its return or certificate to the sheriff of Marion county, Oregon, and requiring said Allen Fruit Company, Inc., to be examined on oath concerning property in its possession belonging to the defendant W. G. Allen."

By its terms this motion was based upon the certificate returned to the sheriff of Marion county, Oregon, by said Allen Fruit Company, Inc., and upon the files and records in this cause.

Allegations and interrogatories were served on Allen Fruit Company, Inc. Answers thereto by said corporation and plaintiff's reply were filed. A trial to the court without a jury was had resulting in a judgment of dismissal from which plaintiff prosecutes this appeal.

At the trial, plaintiff appeared in person and by his attorney, and defendant and said Allen Fruit Company, Inc., appeared by their attorney.

Said corporation contends that by taking judgment against defendant without also taking an order to sell attached property, plaintiff waived the attachment and by reason of such waiver the further proceedings were void.

Plaintiff contends that a sale was made by defendant to said corporation in contravention of the Bulk Sales law [Sections 70-414 to 70-417, O. C. L. A., Vol. 5, pp. 328-333] and that therefore the property so sold was and is subject to plaintiff's attachment.

■ The statute prescribes that, if judgment is recovered by the plaintiff and it shall appear that property has been attached in the action and has not been sold as perishable property or discharged from the attachment as provided by law, the court shall order and adjudge the property to be sold to satisfy the plaintiff's demands. Section 7-214, O. C. L. A., Vol. 1, p. 641. This court has repeatedly held that, when a judgment is rendered against defendant, an attachment lien is waived by the failure to take an order for the sale of attached property. *Bremer & Co. v. Fleckenstein,* 9 Or. 266, 271; *Moore Mfg. Co. v. Billings,* 46 Or. 401, 403, 80 P. 422; *Mertens v. Northern State Bank,* 68 Or. 273, 279, 135 P. 885; *Fraley v. Hoban,* 69 Or. 180, 187, 137 P. 751; *Smith v. Dwight,* 80 Or. 1, 14, 148 P. 477, 156 P. 573, Ann. Cas. 1918D, 563; *Hill v. Wilson,* 123 Or. 193, 261 P. 422; *Liberman v. Low,* 148 Or. 359, 36 P. (2d) 791.

■ In those cases, where it appears from the answer of the garnishee to the notice of garnishment, that the garnishee is indebted to the defendant upon a matured debt and no other property is attached, an order to sell the attached property is improper and a mere nullity. *Hudelson v. Sanders-Swafford Co.,* 111 Or. 600, 227 P. 310; *Murphy v. Bjelik,* 87 Or. 329, 350, 358,

169 P. 520, 170 P. 723; *Adamson v. Frazier,* 40 Or. 273, 277, 278, 66 P. 810, 67 P. 300; *DeWitt v. Kelly,* 18 Or. 557, 559, 23 P. 666. We are not concerned here with such an answer of the garnishee. In this case, the garnishee stated in its answer to the notice of garnishment that it had in its possession and under its control one share of the capital stock of Allen Fruit Company, Inc., belonging to defendant. This answer is dated January 9, 1941, and the return of the sheriff upon the writ of attachment was not filed until January 25, 1941.

Giving consideration most favorable to plaintiff, the only property which was attached when the judgment against defendant was entered was of a kind that could be subjected to the payment of such judgment only by an order to sell it as by law upon execution. Section 6-1502, Subdiv. 2, O. C. L. A., Vol. 1, p. 588. No such order was made. The provision set forth in the judgment order that the ''attachments heretofore issued herein be and the same is preserved'' merely challenges the doctrine established by the decisions of this court that, where a judgment is entered in a case wherein property other than a debt admittedly owing to the defendant by a garnishee has been attached, the entry of a judgment, without ordering the sale of the attached property, constitutes a waiver of the attachment. We are therefore constrained to hold that such provision in said judgment order was ineffective to prevent the waiver of the attachment by the entry of the judgment. This holding prevents a consideration of the question whether a sale was made by defendant in contravention of the Bulk Sales law.

The judgment of the circuit court dismissing the garnishment proceeding is affirmed.

Justice BELT did not participate in this opinion.