Argued September 12, affirmed December 13, 1961

## LONOGAN *v.* JACKSON ᴇᴛ ᴜx

### 366 P. 2d 725

*Richard E. Miller,* Eugene, argued the cause and filed a brief for appellant.

*Leo Levenson,* Portland, argued the cause for respondents. With him on the brief were Albert H. Ferris and E. B. Sahlstrom, Eugene.

Before McAllister, Chief Justice, and Sloan, O'Connell, Goodwin and Brand, Justices.

McALLISTER, C. J.

This is an action against the sureties on an undertaking given for the redelivery of attached goods. The defendants demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The court sustained the demurrer, plaintiff elected not to plead further, and judgment was entered for the defendants. The plaintiff appeals.

It appears from the complaint that on June 12, 1956 Arthur R. Stein, as plaintiff, filed an action on a promissory note in the circuit court for Lane county against Darlow D. and Ida Mae Wolfe; that on June 13, 1956 certain personal property of said defendants was attached in said action; and that on June 21, 1956 the defendants in said action filed a redelivery bond on which the defendants in this action, Manson Jackson and Zona M. Jackson, were sureties.

It further appears that on February 23, 1960 a judgment was rendered in said attachment action in favor of Arthur R. Stein against Darlow D. and Ida Mae Wolfe, for the sum of $1,175, plus interest, attorney's fees and costs; that Stein caused an execution to issue on said judgment; that the sheriff was unable to locate the judgment debtors; that on March 7, 1960 Stein made demand on the defendants in this action for the sum due on said judgment; that said defendants refused to pay said judgment; and that on October 22, 1960 the said judgment was assigned to Arthur Lonogan, the plaintiff in this action.

The only question presented is whether the court erred in sustaining the demurrer to the complaint.

Defendants argued in the court below and contend here that plaintiff's complaint does not state a cause of action because it does not allege that the judgment in the attachment action contained an order for the sale of the attached property. We think this contention must be sustained.

The undertaking on which this action was brought was given pursuant to ORS 29.220 and is known as a redelivery or forthcoming bond. For a clear and concise statement of the distinction between a redelivery or forthcoming bond, authorized by ORS 29.220, and an undertaking to discharge the attachment, authorized by ORS 29.240, see the opinion of Mr. Chief Justice ROBERT S. BEAN in *Winter v. Union Packing Co.,* 51 Or 97, 99, 93 P 930. It is pointed out in that opinion that a redelivery bond does not discharge the attached property from the custody of the law or relieve it from the lien of the attachment if the property is in existence and can be identified. See also *Drake v. Sworts,* 24 Or 198, 33 P 563; *Coos Bay Railroad Co. v. Wieder,* 26 Or 453, 38 P 338; *Dickson v. Back,* 32 Or 217, 232, 51 P 727.

This court has consistently adhered to the rule that where a judgment is entered against the defendants in an action in which property has been attached, the failure to include in the judgment an order for the sale of the attached property constitutes a waiver of the attachment lien. See *Henry v. Allen,* 171 Or 676, 138 P2d 591, and the numerous earlier cases therein cited.

Since an order for the sale of the attached property is a condition precedent to liability on a redelivery bond, it is necessary to allege in an action on the bond that the judgment in the attachment action contained an order for the sale of the attached property. *Fisher*

*v. Haxtun,* 26 Kan 155; *Young v. Joseph Bros. & Davidson,* 5 Neb (Unofficial) 559, 99 NW 522; *Jordan v. Brown Shoe Co.,* 152 Okl 288, 4 P2d 1020; 2 Bancroft's Code Pleading 1563, § 1038.

We have examined the authorities cited by plaintiff but find they are distinguishable.

The lower court did not err in sustaining the demurrer to plaintiff's complaint, and the judgment is affirmed.