Argued September 10, affirmed October 21, 1976

STEELWOOD FASTENERS, INC., *Appellant,*

*v.*

JENSEN INVESTMENT CO. et al, *Respondents.*

555 P2d 206

*William B. Reisbick,* Milwaukie, argued the cause for appellant. With him on the briefs was Francis I. Smith, of Smith and Smith, Portland.

*Milton R. Smith,* Portland, argued the cause for respondents. With him on the brief were Acker, Underwood, Beers & Smith, Portland.

Before Denecke, Chief Justice, and Tongue, Bryson and Lent, Justices.

TONGUE, J.

## TONGUE, J.

This is an action to recover the reasonable value of services alleged to have been rendered at the request of defendants. The case was tried before a jury, which returned a verdict of $2,650 against defendant Jensen Investment Co. The trial court then granted defendant's motion for a judgment notwithstanding the verdict. Plaintiff appeals. We affirm.

Because the primary issue on this appeal is whether there was sufficient evidence to support the verdict of the jury, we must view the evidence in the light most favorable to the plaintiff.

Defendant Jensen Investment Co. owned land on the Willamette River which it wanted to develop. Lyle Adams, a promoter, became interested in the property and approached two of plaintiff's officers named Mr. Ward and Mr. Buckley to help him with some of the work involved in the preparation of a proposal for development of the property. Adams promised to pay each of them $12.50 per hour for such work.[1]

After Mr. Ward and Mr. Buckley had done some work, Mr. Adams arranged a meeting with defendant's attorney. At that meeting this work was discussed and defendant's attorney requested them to do some further work, which was done. Defendant then decided to drop the project.

Defendant's attorney told them to submit a bill for services. Such a bill was then submitted, computed at $12.50 per hour, as agreed with Mr. Adams. Defendant refused to pay the bill and plaintiff filed this action.

Plaintiff's complaint seeks to recover $4,565 as the reasonable value of services performed at the request of defendant. At the time of trial, however, plaintiff offered no testimony on the subject of the reasonable

---

[1] The complaint named as defendants both Jensen Investment Co. and Lyle Adams. No service was made upon defendant Adams. Defendant Jensen Investment Co., the remaining defendant, will be referred to as the "defendant" for the purposes of this opinion.

value of the services. Instead, plaintiff contended, and still contends on this appeal, that it had an express contract with defendant to pay for such services at the rate of $12.50 per hour.[2]

Defendant denied that it, or any one with authority to act as an agent for it, made any such agreement. Defendant also denies that it subsequently ratified any such agreement.

■ For the purpose of deciding this case we must assume that there was sufficient evidence for the jury to find either that defendant, through its attorney, requested the performance of services by plaintiff or that defendant subsequently ratified such conduct, so as to become liable for payment of the reasonable value of plaintiff's services. It does not follow, however, that there was an express agreement between plaintiff and defendant to pay for the services at the rate of $12.50 per hour.

We have examined the record and find that the only testimony on the subject was that Mr. Adams, the promoter, agreed to pay for such services at that rate. We also find, contrary to plaintiff's contention, that there was no substantial evidence that Mr. Adams was an agent of the defendant.

■ In addition, we find no substantial evidence that defendant's attorney agreed to pay for such services at that rate. The testimony that the attorney gave instructions to Mr. Ward and Mr. Buckley to submit to him the bills for such services, although perhaps sufficient to impose an obligation to pay plaintiff for the reasonable value of such services, whatever that might be, was not an agreement to pay for such services at the rate of $12.50 per hour. Unfortunately, Mr. Zollinger, the defendant's attorney, was deceased at the time of trial.

---

[2] Although suing on an implied agreement to pay for the reasonable value of the services, evidence of a contract fixing the value is competent to prove the reasonable value of such services. *Hill v. Wilson,* 123 Or 193, 198, 261 P 422 (1927).

Plaintiff says in its brief that:

"* * * In the bill prepared by [plaintiff's officers, Mr. Ward and Mr. Buckley] they charged $12.50 per hour for their individual services. *This was a figure* that had been discussed in the meeting in Mr. Zollinger's office. (Tr. 36). Mr. Zollinger said the statement should be prepared *in this manner* and submitted to him and he would okay them. (Tr. 36). * * *" (Emphasis added)

We do not so read the testimony referred to by plaintiff, which is as follows:

"A. * * * [B]efore we started the project, *we told Mr. Lyle Adams* when I first got the drawings *that our rate to do this work was $12.50 an hour,* which according to the rates now is quite low, *and that we expected to be paid for our work on the project.*

"We, also, at the meeting of March 28th, *this was one of the items that was taken up* in Mr. Zollinger's office. And, he told us that—for us *to submit the bills to him,* he would approve them, and we would get paid that way. He said that any subs that we would use on the project, and so forth, and along the line of developing this, we would approve the subs' bills first, then they would be submitted to Mr. Zollinger, who would okay them, and we would either get a bank draft or the subs would get a bank draft. That way we had nothing to do with the money end, we just submitted the bills to Mr. Zollinger's office.

"Q. *What was the conversation* with respect to the preparing of this bill that is now in evidence here, upon which this lawsuit is filed?

"A. *I told Mr. Zollinger that we were running up some long hours* and some big hours on this project. And, *he asked me to submit our bill* after we had completed everything that he asked us to do in his letter to us at the time of the second meeting.

"The reason it wasn't done is I was ill, and I asked Mr. Buckley to tell him that it would be submitted later, and that as soon as possible. And, that was what was done.

"Q. *So, the $12.50 an hour was the stated agreement that you had with Mr. Adams then?*

"A. That's correct, yes, sir." (Emphasis added)

Even if the jury could infer that the "item" that was "taken up" in the conference with Mr. Zollinger was

not only the expectation of payment, but that payment would be made at the rate of $12.50 per hour, we do not believe that it follows from the instructions by Mr. Zollinger to "submit the bills to him" that there was evidence from which the jury could properly find that he agreed to pay for plaintiff's services at the rate of $12.50 per hour. We also believe that this conclusion is supported by the further testimony describing the actual "conversation" with Mr. Zollinger and the testimony, in the nature of a summary on this subject, that "the $12.50 an hour was the stated agreement you had with Mr. Adams * * *."

■ It follows, in our opinion, that having offered no evidence of the reasonable value of such services, or that $12.50 per hour was the reasonable value for the services, plaintiff failed to prove one of the elements necessary to its cause of action. It also follows that the trial court did not err in granting defendant's motion for a judgment notwithstanding the verdict of the jury.

Affirmed.